# UNITED STATES DISTRICT COURT

### for the
### Southern District of Illinois

Maurice S. Johnson

_____

_____

_____

*Plaintiff(s)/Petitioner(s)*

v.

_____

_____

_____

_____

*Defendant(s)/Respondent(s)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number: __22-860-NJR__

*(Clerk's Office will provide)*

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)
☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)
☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I.   JURISDICTION

**Plaintiff:**

A.   Plaintiff's mailing address, register number, and present place of
confinement.   P.O. Box 1000
Menard, IL 62259

**Defendant #1:**

B.   Defendant _____ is employed as
(a)   (Name of First Defendant)

_____
(b)          (Position/Title)

with _____
(c)     (Employer's Name and Address)

_____

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain:

Rev. 10/3/19

**Defendant #2:**

C.     Defendant _____ is employed as

(Name of Second Defendant)

_____

(Position/Title)

with _____

(Employer's Name and Address)

_____

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?    ☑ Yes    ☐ No

If you answer is YES, briefly explain:

**Additional Defendant(s) (if any):**

D.     Using the outline set forth above, identify any additional Defendant(s).

UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

Maurice S. Johnson
Plaintiff (s)

v.

1. CHIEF ADMINISTRATIVE OFFICER, DAVID
GOMEZ, 2. COUNSELOR WORKSUPER-
VISOR, GRAVES, 3. STATEVILLE CORR-
ECTIONAL CENTER, INTERNAL AFFAIRS
COMMITTE, 4. CHIEF ADMINISTRATIVE
OFFICER, DEE BROOKHEART, 5. ASSISTANT
CHIEF ADMINISTRATIVE OFFICER, JENNINGS
6. LIEUTENANT PUCKETT, 7. LIEUTENANT Ochs
8. LIEUTENANT GIVINGS, 9. LIEUTENANT IVE,
10. Sergeant Puroue, 11. LAWRENCE CORRECTIONAL
CENTER, INTERNAL AFFAIRS COMMITTE, 12.
ADMINISTRATIVE REVIEW BOARD CHAIRPERSON,
SHERRY BENTON, 13. DIRECTOR OF ILLINOIS
DEPARTMENT OF CORRECTIONS, ROB JEFFREYS
14. CHIEF ADMINISTRATIVE OFFICER, ANTHONY WILLIS
15. MENARD CORRECTIONAL CENTER, INTERNAL AFFAIRS
COMMITTE, 16. ADMINISTRATIVE REVIEW BOARD CHAIR
PERSONNEL, RYAN A. KILDUFF, 17. COUNSELOR, CHRISTINA
ALLSUP, administrative Review Board Chairperson, Travis Baylor
Defendant (s) / Respondent (s)

)
) Case Number : _____
)
)
)
) ☑ CIVIL RIGHTS COMPLAINT
) Pursuant to 42 U.S.C. § 1983 (state Prisoner)
) ☐ CIVIL RIGHTS COMPLAINT
) Pursuant to 28 U.S.C § 1331 (Federal Prisoner)
) CIVIL RIGHTS COMPLAINT
) Pursuant to the Federal Tort Claims Act, 28
) U.S.C. §§ 1346, 2671-2680, or other law

I. JURISDICTION

Continued
1.

Plaintiff:

A. Plaintiff's mailing address, register Number, and Present place of Confinement. P.O. Box 1000, Menard, IL 62259

Defendant #1: <sup>B.</sup> Defendant <u>David Gomez</u> is employed as Chief Administrative Officer <u>    </u> with <u>Stateville C.C. P.O. Box 112,</u> <u>Joliet, IL 60434</u>

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes ☐ NO

If Your answer is Yes, briefly explain: <u>Illinois Department</u> <u>Of Corrections</u>

Defendant #2

C. Defendant <u>Graves</u> is employed as <u>Counselor Worksupervisor,</u> with <u>Stateville C.C. P.O. Box 112, Joliet, IL 60434</u>

At the time the claim(s) alleged this complaint arose, was Defendant #2 employed by the state, local, or federal government? ☒ Yes ☐ NO

If your answer is Yes, briefly explain: <u>Illinois Department of</u> <u>Corrections</u>

Defendant #3

D. Defendant's <u>Stateville Correctional Center, Internal Affairs Committee</u>, is employed as <u>Internal Affairs Officer's</u> with <u>Stateville C.C., P.O.</u> <u>Box 112, Joliet, IL 60434</u>

Continued
2.

At the time the claim(s) alleged this complaint arose, was Defendant #3 employed by the state, local, or federal government?
☑ Yes ☐ NO

If your answer is yes, briefly explain: <u>Illinois Department of Corrections</u>

Defendant #4

E. Defendant <u>Dee Dee Brookhear</u> is employed as <u>Chief Admini</u> <u>strative Officer</u> with <u>Lawrence C.C., 10940 Lawrence Rd, Sumner, IL 62466</u> ~~deleted~~

At the time the claim(s) alleged this complaint arose, was Defendant #4 employed by the state, local, or federal government?
☑ Yes ☐ NO

If your answer is yes, briefly explain: <u>Illinois Department of Corrections.</u>

Defendant #5

F. Defendant <u>Jennings</u> is employed as <u>Assistant Chief Administrative Officer</u> with <u>Lawrence C.C., 10940 Lawrence Rd, Sumner, IL 62466</u>

At the time the claim(s) alleged this complaint arose, was Defendant #5 employed by the State, Local, or Federal government?
☑ Yes ☐ NO

If your answer is yes, briefly explain: <u>Illinois Department of Corrections</u>

Defendant #6

G. Defendant <u>Puckett</u> is employed as <u>Lieutenant</u> with <u>Lawrence C.C.,</u> <u>10940 Lawrence Rd, Sumner, IL 62466</u>

Continued
3.

at the time the claim(s) alleged this Complaint arose, was Defendant #6 employed by the state, local, or federal government?

☑ Yes  ☐ NO

If your answer is YES, briefly explain: <u>Illinois Department of Corrections</u>

Defendant #7

H. Defendant ~~Crooks~~ ochs is employed as <u>Lieutenant</u> with <u>Lawrence C.C., 10940 Lawrence Rd, Sumner, IL 62466</u>

At the time the claim(s) alleged this complaint arose, was Defendant #7 employed by the state, local, or federal government?

☑ Yes  ☐ NO

If your answer is YES, briefly explain: <u>Illinois Department of Corrections</u>

Defendant #8

I. Defendant <u>Givings</u> is employed as <u>Lieutenant</u> with <u>Lawrence C.C., 10940 Lawrence Rd, Sumner, IL 62466</u>

At the time the claim(s) alleged this complaint arose, was Defendant #8 employed by the state, local, or federal government?

☑ Yes  ☐ NO

If your answer is YES, briefly explain: <u>Illinois Department of Corrections</u>

Defendant #9

J. Defendant <u>Tye</u> is employed as <u>Lieutenant</u> with <u>Lawrence C.C., 10940 Lawrence Rd, Sumner, IL 62466</u>

At the time the claim(s) alleged this Complaint arose, was Defendant #9 employed by the state, local, or federal government?

☑ Yes  ☐ NO

If your answer is YES, briefly explain: <u>Illinois Department of Corrections.</u>

Continued
4.

Defendant #10

K. Defendant __Purdue__ is employed as __Sergeant__ with __Lawrence C.C.,__

__10940 Lawrence Rd, Sumner, IL 62466__

· At the time the claim(s) alleged this complaint arose, was Defendant #10 employed by the state, local, or federal government? ☑ Yes ☐ No If your answer is YES, briefly explain: __Illinois Department Of Corrections__

Defendant #11

L. Defendants __Lawrence Correctional Center, Internal Affairs Committee__ is employed as __Internal Affairs Office__ with __Lawrence C.C., 10940 Lawrence Rd, Sumner, IL 62466__

At the time the claim(s) alleged this complaint arose, was Defendant #11 employed by the state, local, or federal government? ☑ Yes ☐ No If your answer is YES, briefly explain: __Illinois Department of Corrections__

Defendant #12

M. Defendant __Sherry Benton__ is employed as __Administrative Review Board Chairperson__ with ~~Administrative~~ Administrative Review Board, PO Box __19277, Springfield, IL 62794-9277__

At the time the claim(s) alleged this complaint arose, was Defendant #12 employed by the state, local, or federal government? ☑ Yes ☐ No If your answer is YES, briefly explain: __Illinois Department of Corrections__

Defendant #13

N. Defendant __Travis Bayler__ is employed as Administrative Review Board Chairperson with __Administrative Review Board, PO Box, 19277, Springfield, IL 62794-9277,__

At the time the claim(s) alleged this complaint arose, was Defendant #13 employed by the state, local, or federal government? ☑ Yes ☐ No. If your answer is yes, briefly explain: __Illinois Department of Corrections__

Continued

5.

Defendant #13

N. Defendant <u>Rob Jeffreys</u> is employed as <u>Director</u> with

with <u>Illinois Department of Corrections, 1301 Concordia Court, P.O. Box 19277</u>

At the time the claim(s) alleged this complaint arose,
was Defendant #13 employed by the state, local, or federal government?
☒ Yes  ☐ No

If your answer is YES, briefly explain: <u>Illinois Department of</u>
<u>Corrections</u>

Defendant #14

O. Defendant <u>Anthony Wills</u>, is employed as <u>Chief Administrative</u>
<u>Officer</u> with <u>Menard C.C. P.O. 1000, Menard, IL 62259</u>

At the time the claim(s) alleged this complaint arose, was
Defendant #14 employed by the state, local, or federal government?
☒ Yes  ☐ No

If your answer is YES, briefly explain: <u>Illinois Apartment of</u>
<u>Corrections</u>

Defendant #15

P. Defendants <u>Menard C.C., Internal Affairs Committee</u>, is employed as <u>Internal</u>
<u>Affairs Officer's</u> with <u>Menard Correctional Center, P.O. 1000, Menard,</u>
<u>IL 62259</u>

At the time the claim(s) alleged this complaint arose, was Defendant
#15 employed by the state, local, or federal government?
☒ Yes  ☐ No

If your answer is YES, briefly explain: <u>Illinois Department of</u>
<u>Corrections</u>

Continued
6

Defendant # 16

Q. Defendant <u>Ryan A. Kilduff</u> is employed as <u>Administrative Review</u> <u>Board Chair personnel</u> with <u>the Administrative Review</u> <u>Board, PO Box 19277, Springfield, IL 62794-9277</u>

At the time the claim(s) alleged this complaint arose, was Defendant # 16 employed by the state, local, or federal government ?

☑ Yes ☐ No

If your answer is Yes, briefly explain : <u>Illinois Department of</u> <u>Corrections</u>

Defendant # 17

R. Defendant <u>Christina Allsup</u> is employed as <u>Protective Custody</u> <u>Intake Counselor</u> with <u>Menard C.C. PO Box 1000, Menard, IL 62259</u>

At the time the claim(s) alleged this complaint arose, was Defendant # 17 employed by the state, local, or federal government ?

☑ Yes ☐ No

If your answer is Yes, briefly explain : <u>Illinois Department of</u> <u>Corrections</u> .

Continued
7.

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☑Yes ☐No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability,** including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s): Maurice S. Johnson (K-53044),

Defendant(s):
Michael Lemke
Amended Petition - Randy Pfister

2.    Court (if federal court, name of the district; if state court, name of the county): Northern District of Illinois Eastern Division

3.    Docket number: Case No. 15 CV 11051

4.    Name of Judge to whom case was assigned:
Honorable Judge Edmond E. Chang

5.    Type of case (for example: Was it a habeas corpus or civil rights action?): Civil rights action under 42 U.S.C § 1983.

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?): Settlement agreement

7. Approximate date of filing lawsuit:
   *November 24, 2015*

8. Approximate date of disposition:
   *March of 2018?*

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"

   *Settlement Agreement*

## III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? ☑ Yes  ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?  ☑ Yes  ☐ No

C. If your answer is YES,
   1. What steps did you take?
      *presented grievance to Counselor, Grievance Officer, and the Administrative Review Board.*

   2. What was the result?
      *Relief Denied by Counsel, Grievance Officer, and the Administrative Review Board*

D. If your answer is NO, explain why not.
   *N/A*

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? *Yes, but Menard C.C.* ☑ Yes  ☑ No
   *did not respond to grievance. However, ARB did respond to grievance See Exhibits* ~~[struck-through text]~~

F. If your answer is YES,
   1. What steps did you take?
      ~~[struck-through text]~~
      *Placed grievance in grievance lock box. However, never received receipt back from Counselor's stating received. These specific grievance dealt with conduct of Christina Albup denial of institutional privliges, and living conditions at menard C.C.*

Rev. 10/3/19

2.   What was the result?   *Never received answer or receipt stating grievance work received. This specific grievance dealt with Counselor Christina Allsup, denial of institutional privileges while in protective custody status and Living Conditions.*

G.   If your answer is NO, explain why not.

*N/A*

H.   Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:   *Attached*

Exhibit A - Offender's Request for Protective Custody - from Stateville C.C.

Exhibit B - Offender's Request for Protective Custody - from Lawrence C.C.

Exhibit C - Administrative Review Board Hearing/Denial for PC Placement

Exhibit D - Grievance's submitted to Administrative Review Board on 01/13/22 and 01/16/22

Exhibit E - Administrative Review Board Denial of Grievance

Exhibit F - Grievance submitted to Administrative Review Board on 01/26/22

Exhibit G - Administrative Review Board Denial Of Grievance

Exhibit H - Grievance submitted to Administrative Review Board on 01/18/22

Exhibit I - ~~xxxxxxx~~ Administrative Review Board denial ~~of~~ of Grievance

Exhibit J - Grievance submitted to Administrative Review Board on 02/01/22

Exhibit K - Administrative Review Board denial Of Grievance

Exhibit L-U. Administrative Review Board denial's for Protective Custody Protection

Exhibit V - Counselor H. Price, Response regarding unanswered Grievances

Exhibit W - Law library Personnel response regarding being provided law library Services

Exhibit X - Grievance regarding protective Custody ~~and~~ Living conditions, ~~xxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ and Privileges

Exhibit Y - Administrative Review Board denial to address timely filed Grievance

## IV.    STATEMENT OF CLAIM

**A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.**

1. With the temporary assistance of a jail house lawyer this action is brought to redress defendants various deprivations of plaintiffs right under the Constitution and laws of the United States.

2. Among other things Defendants were deliberately indifferent to plaintiffs First Amendment, Due Access, Fourteenth Amendment, and Eight Amendment Rights.

3. This summary of journaled events is comprised of procedural due process rights that resulted in a Liberty Interest, deprivation of Religious Services, visitation with family, Retaliation, Equal Protection of Law, and Unusual Punishment.

4. Since July 17, 2020, Plaintiff (Johnson) has been in "unapproved" protective custody status.

5. In December of 2021, Stateville Correctional Center conducted a Security Reclassification of plaintiff, which he was issued a "white" identification card, making him eligible to transfer to a medium security institution.

IV. STATEMENT OF CLAIM, Continued

6. On December 21, 2021, Plaintiff was transferred from Stateville C.C., Protective Custody Housing Unit, to Lawrence Correctional Center, General Population.

7. At the time Plaintiff was transferred from Stateville to Lawrence C.C., Lawrence C.C. had reclassified its facility from a medium to a maximum security facility.

8. Also, at the time Plaintiff was transferred from Stateville to Lawrence C.C. he had a pending request for Protective Custody Placement before Stateville C.C., Internal Affairs Committee.

9. During that transfer Plaintiff was not transported in a van by hisself or locked in a secure area in the Illinois Department Of Corrections Bus, but rather was placed in sitting area of the Bus with the other 24 Maximum Security Individuals In Custody.

10. Once Plaintiff and the other 24 general population Individuals entered Lawrence Correctional Center he was interviewed by Mental Health Personnel but not personnel from the Internal Affairs office.

11. At approximately 2 P.M., Plaintiff and the other 24 general population Individuals were then escorted to Seven House, A-Wing.

1.

IV. STATEMENT OF CLAIM: Continued

12. Upon Plaintiff entering his designated Cell he informed the Correctional Officer working the wing that he was suppose to be in protective custody status.

13. Also, Plaintiff requested to be placed back in Protective custody status.

14. Plaintiff was then removed from his ceel by wing officer and escorted to the Lieutenants Office, at which time the Lieutenant checked the computer to confirm whether or not Plaintiff was in Protective Custody states.

15. Plaintiff was then escorted to the Internal Affairs office, at which time he was interviewed by Lieutenant, Puckett Of the Internal Affairs Department.

16. After the Interview had commenced, Plaintiff was handcuffed and escorted to Restricted Housing (segregation) cell S-BL-16, due to Lawrence C.C. had yet to maintain an area for placement Of Committed persons in protective custody.

17. On January 06, 2022, Lieutenant Puckett presented Plaintiff with a proposal to be housed in maximum security, General population if he signed Out of Protective Custody.

18. Lieutenant Puckett advised Plaintiff that Assistant Chief Administrative Officer, Jennings Proposed this offer, in which Plaintiff declined the offer.

2.

IV.   STATEMENT  OF CLAIM, continued

19. Plaintiff remained in Restricted Housing under Protective Custody Status from December 21, 2021 until January 13, 2021.

20. At the time Plaintiff was being housed in Restricted Housing he was constantly told by Correctional officer, Greentree, Lieutenant Oats, Givings, and Tye that he was the "Guinea Pig" because Lawrence C.C. never dealt with Protective Custody at Lawrence C.C.

21. Plaintiff went on several Hunger Strikes and mental Health Suicide watches about Conditions, while being housed in Restricted Housing.

22.  On January 13, 2022, at approximately 8:30 A.M. Gallery Officer brought plaintiff a protective custody request form and asked Plaintiff if he wanted to sign out of Protective Custody status, in which plaintiff replied no.

23. On January 13, 2022 at approximately 9:30 A.M. Gallery Officer returned and told Plaintiff that Lieutenant Puckett wanted to speak with him.

24. During that conversation Lieutenant Puckett tried to convince Plaintiff to sign out of Protective Custody.

25. Also, Lieutenant Puckett stated to Plaintiff that maybe he suffered from Parnoia and should speak with a mental Health Personnel.

3.

IV. STATEMENT OF CLAIM, continued

26. On January 13, 2022 at approximately 11 A.M., gallery officer returned and instructed Plaintiff to pack his property due to plaintiff would be moving to Alleged New Protective Custody Housing Unit.

27. On January 13, 2022 at approximately 11:30 A.M. Sergeant Placed Plaintiff in handcuffs and escorted him and his property to Six House, C-wing, lower 2 cell.

28. Six House Consisted of A, B, C-wing, and Control Center outside of the wings.

29. Plaintiff was the only individual housed in Six House, as the building had been previously unoccupied for months, after being used as a Quarantine building for positive cases and symptoms of Covid 19 / Omicron Virants.

30. On January 18, 2022, at approximately 10 A.M., Plaintiff attended a hearing with Administrative Review Board Chairperson, Sherry Benton, VIA telephone.

31. During that hearing plaintiff explained to mrs. Benton his reason for Continued Need for Protective custody Protection at Lawrence C.C..

32. Specifically, Plaintiff informed mrs. Benton that his former —— gang had placed a hit on him because he couldn't stop his cellmate from forcefully sexually assaulting him when he was incarcerated at Illinois Youth Center - St. Charles.

IV. STATEMENT OF CLAIM, continued

33. Also, plaintiff disclosed to Mrs. Benton the names of the high ranking gang members that ordered the hit and how this information had gotten back to the gang.

34. On January 24, 2022, at approximately 11 A.M. plaintiff was interviewed at Six House by Lawrence Correctional Center, Internal Affairs Officer.

35. During that interview the Internal Affairs Officer stated to Plaintiff that he was sent by his higher-ups to ask Plaintiff if he would sign out of protective custody status if he were reclassified and sent to a medium institution, even though Plaintiff had already been denied Protective Custody Protection and had exhausted all administrative remedies.

36. Plaintiff responded that he would consider but his safety was the most concern and that concluded that interview.

37. On January 24, 2022, at approximately 12 A.M. Internal Affairs Officer returned to Six House to interview Plaintiff.

38. During this interview, the Internal Affairs Officer again stated to Plaintiff that he was sent by his higher-ups to ask plaintiff if he would sign out of protective custody status ~~if he were reclassified and be sent to a medium institution~~ today to be placed in the medium security Housing Unit of its facility.

IV. STATEMENT OF CLAIM, continued

39. Plaintiff replied NO and this concluded the interview.

40. ON January 25,2022, Plaintiff was given two Rapid Covid Tests and Lawrence C.C. conducted a Security Reclassification on him which made Plaintiff uneligible to transfer to a Medium Security facility and uneligible for reclassification of his Security for another year

41. ON January 26,2022, Plaintiff was transferred from Lawrence to Menard C.C., and Six House was reclosed.

42. Once Plaintiff arrived at Menard Correctional Center, he was placed in Receiving upper 50 cell.

43. ON January 27, 2022, Plaintiff was interviewed by counselor, Christiana Allsup regarding a request for protective custody status.

44. During that interview Plaintiff was provided a request for protective custody placement, he provided his reasons for continued need for protective protection at Menard C.C. and handed that request to Mrs. Allsup.

45. Specifically, plaintiff informed Mrs. Allsup that his former ____ gang had placed a hit on him because he couldn't stop his then cellmate from forcefully Sexually assaulting him when he was incarcerated at the Illinois Youth Center - St. Charles.

6.

IV.    STATEMENT OF CLAIM. Continued

46. Also, Plaintiff explained to Mrs. Allsup that reasons for protective custody should be further detailed in prior Requests for protective Custody Requests, Investigative Reports, and 434 Reports

47. Furthermore, Plaintiff explained to Mrs. Allsup that he was too emotional at the time to discuss the details of the sexual assault.

48. Plaintiff states that Mrs. Allsup then became very beligerent and yelling that: "Look I know you are a asshole, you answer the questions or you can just go out to General population."

49. Plaintiff states that at this time he was startled by Mrs. Allsup beligerence, which concluded the interview.

50. Plaintiff states that at this time he was escorted from the office by the officer that was standing outside of the interview room.

51. Once Plaintiff was escorted from the interview room the officer asked Plaintiff to stand against the wall in which Plaintiff complied, at this time Mrs. Allsup came into the Hallway and started yelling: "He said he has a hit placed on him by the ____ gang."

52. While Mrs. Allsup was yelling this, there was three Receiving Workers from General Population present in the Hallway.

7.

IV. STATEMENT OF CLAIM. Continued

53. Plaintiff was then escorted back to cell upper 50 were he resided in Receiving.

54. Approximately 30 minutes later the officer returned and instructed Plaintiff to pack his property in which Plaintiff Compiled.

55. After plaintiff packed his property he was then moved from Receiving to Restricted Housing, North 2, Cell 621. behind a steel door. In which plaintiff remained from January 27, 2022 until February 08, 2022.

56. After Several times plaintiff meeting with Mental Health Personnel he was moved from N2-621 Cell to N2-131 Cell and placed in protective Custody over flow.

57. ON February 10, 2022, an interview was conducted ON Plaintiff by Menard Correctional Center, Internal Affair's Officer, as why he needed protective Custody protection.

58. Plaintiff re illerated to Internal Affair's Officer, all reasons he previously provided to Stateville C.C., Lawrence C.C., Administrative Review Board Personnels, and Counselor, Mrs. Allsup.

59. ON January 13, 2022, January 16, 2022, and January 26, 2022, Plaintiff grieved these issues to the Administrative Review Board as issues involved protective Custody. Specifically,

8.

IV.  STATEMENT OF CLAIM, Continued

Plaintiff being transferred from Stateville to Lawrence C.C. with twenty-four Maximum Security, General Population Individuals while in protective custody status, As well as shackling, denial Of Institutional priviliges, and Living Conditions at Lawrence C.C. and Menard C.C. See Attached Exhibit # D

60.  ON January 24, 2022 and February 10, 2022, Administrative Review Board Personnel, Ryan A. Kilduff denied those grievance. See Attached Exhibit # E

61.  ON January 06, 2022, Lieutenant Puckett and the Lawrence Internal Affairs Committee denied Plaintiffs request for Protective Custody Protection, ON January 07, 2022, Chief Administrative Officer, Dee Dee Brookhart concurred with that decision of denial, and ON January 07, 2022, Plaintiff appealed those denials to the Administrative Review Board. See Attached Exhibit # B

62.  ON January 18, 2022, ~~Chief~~ Administrative Review Board Chairperson, Sherry Benton denied Plaintiff's request for protective custody Protection, ommitting majority Of the information that Plaintiff had provided to her. See Attached Exhibit # C

63  Also, Mrs. Benton refused to address defendants failure to provide Plaintiff access to priviless, cleaning supplies, and water issues. See Attached Exhibit # C

9.

IV. STATEMENT OF CLAIM, Continued

64. ON March 08, 2022, Menard C.C., Internal Affairs Office denied Plaintiffs request for Protective Custody Protection. ON March 08, 2022, Chief Administrative Officer, Anthony Wills Concurred with that denial, and ON march 09, 2022, Plaintiff appealed that denial to the Administrative Review Board.

65. ON March 30, 2022 the Administrative Review Board Personnel Travis Baylor denied Plaintiffs request for Protective Custody protection. See Attached Exhibit Z 2. See Attached Exhibit #_____

66. Also, Plaintiff placed three grievance in the Grievance Lock Box at Menard C.C., ONe grievance regarding Counselor, Christina Allsup Conduct, denial of Institutional Priviliges while in Protective Custody status, and Living Conditions. However, Plaintiff did Not receive a receipt Or response to those grievance. Plaintiff then wrote Counselor H. Price regarding those grievance. See Attached Exhibit #____V____ Moreover, ON February 04, 2022, 15 days after Chief Administrative Officer, DeeDee Brookheart Concurred with Grievance Office decision, Plaintiff Placed in Menard C.C., Institutional mail timely appeal of that decision to Administrative Review Board, Ryan A. Kilduff whom held grievance untimely and refused to address. See Attached Exhibit #__X and Y__

10.

Count I.
PROCEDURAL DUE PROCESS VIOLATION

67. At the time Plaintiff was transferred from Stateville C.C. to Lawrence C.C., he had a request for Protective custody Protection pending and should have remained in Protective custody States until he had exhausted all of available administrative remedies an accordance with DR. 501. See Attached Exhibit # A

68. Plaintiff did not waive or relinquish his right to remain in Protective Custody states until his pending request was decided by Defendants- Stateville C.C., Internal Affairs Committee, Chief Administrative Officer, David Gomez, and Designated Administrative Review Board Personnel, and Director Of Illinois Department of Corrections, Rob Jeffereys, and counselor work supervisor, Graves

69. Before being transferred with Individuals in Maximum Security, General population and being Placed in General population, Plaintiff understands that he has the Due Process Right to be provided With at least:
(a) Hearing, Investigation, and vote by Defendant's Stateville C.C., Internal Affairs Committee;
(b) Decision by Defendant- Chief Administrative Officer, David Gomez;
(c) Grieve Defendants - stateville C.C., Internal

11.

STATEMENT OF CLAIM continued

Affairs Committee and Chief Administrative Officer, David Gomez decision to the Administrative Review Board in accordance with D.R. 501; and

(d)  Denial or Approval of Administrative Review Board decision by Defendant - Director of Illinois Department Of Corrections, Rob Jefferey's

70. All of which Plaintiff did not receive before being transferred with 24 Other Maximum Security General Population Individuals to Lawrence Correctional Center and Placed in General Population with those 24 Individuals.

71. Plaintiff was not provided any due process of law before being transferred, the consequences of that transfer and placing Plaintiff in General Population before providing him the exhaustion of above Administrative Remedies, deprived Plaintiff of required procedural due process of law.

## COUNT 2
### EIGHTH AMENDMENT VIOLATION

72. Plaintiff realleges and incorporates by reference each and every allegations set forth in paragraphs 1 through 71.

73. Defendant's - Stateville c.c., Internal Affairs Committee, Chief Administrative Officer, David Gomez, Lieutenant Puckett, Sergeant Purdue, Chief Administrative Officer, Dee Dee Brookheart, Lawrence c.c., Internal Affairs Committee, Counselor, Christina Allsup, Menard c.c. Internal Affairs Committee, Chief Administrative Officer, Anthony Wills, Administrative Review Board

12.

Chairperson & Personnel, Sherry Benton, Ryan A. Kilduff, and Director of Illinois Department Of Corrections, Rob Jeffrey's, Chief Administrative Review Board Chairperson, Travis Baylor failure to place Plaintiff in Protective custody protection where they knew that Plaintiff would likely be seriously harmed in general population.

74. Plaintiff has been in "UNapproved" Protective custody status since July 17, 2020. Plaintiff provided reasons for placement in Protective custody protection, including names, nicknames, and cell numbers of enemies.

75. Specifically, Plaintiff was Sexually Assaulted in 1996 by his cellmate while at Illinois Youth Center. At the time Plaintiff was sexually assaulted he was a member of the _____ gang.

76. Plaintiff provided the name of the assailant of the sexual assault to a mental Health Personnel, Mrs. Heart, whom prepared a 434 Report and diagnosed Plaintiff with suffering from depression while at stateville C.C. As well as Plaintiff disclosed the sexual assault to another individual in custody.

77. The sexual assault of Plaintiff eventually got back to the gang that Plaintiff used to be affiliated with.

78. At stateville c.c., while Plaintiff was outside on the Protective custody status yard and members of the _____ gang was on the General Population, North Yard for recreational time, Plaintiff received orders by Ranking Officials of the gang through the fence to not return to General Population and if he did he would be violated.

13.

STATEMENT OF CLAIM, CONTINUED

79. Plaintiff provided the Name of the High Ranking Gang Members and NickNames of the solides of the ____ gang to the Investigating stateville C.C., Internal Affairs Officers, and the Administrative Review Board Chair person/personnel, Sherry Benton and Ryan A. Kilduff.

80. Also, Plaintiff requested that Stateville C.C., Internal Affairs officers to review the Camera Footage from the protective Custody and North Yard.

81. Further, plaintiff explained to Stateville C.C., Internal Affairs Officers and Administrative Review Board Chairperson/personnel, Sherry Benton and Ryan A. Kilduff that according to ____ gang laws any sexual interaction between a member and another male is a "death violation" regardless if the assault was committed without consent.

82. However, constantly since July 17, 2020, Stateville C.C., Internal Affairs Committee, Chief Administrative Officer, David Gomez, and Director of the Illinois Department Of Corrections, Rob Jeffreys have denied Plaintiff Protective Custody Protection and Ommitted information Provided by plaintiff in his request for Protection.

83. Also, Plaintiff reiterated the above information to Defendants - Lieutenant Puckett, Sergeant Purdue, Chief Administrative Officer, Dee Dee Brookheart, Lawrence C.C. Internal Affairs Committee - all of Lawrence C.C. and Counselors, Christina Allsup, Menard C.C., Internal Affairs Committee, Chief Administrative Officer, Anthony Wills - all of Menard C.C.

84. Defendants refusal to Place Plaintiff in Protective Custody Protection when they had readily available information that Plaintiff was likely to be seriously harmed in general population, violated Plaintiffs Eigth Amendment Rights.

14.

IV. STATEMENT OF CLAIM continued

EIGHTH AMENDMENT (Deliberate Indifference)

85. Plaintiff realleges and incorporate by reference each and every allegation set forth in paragraphs 1 through 84.

86. Defendants — Chief Administrative Officer, David Gomez, Counselor Work Supervisor, Graves, Stateville C.C., Internal Affairs Committee, Administrative Review Board Chair-person, Sherry Benton, Administrative Review Board Personnel, Ryan A. Kilduff, and Director Of Illinois Department Of Corrections, Rob Jeffrey's acted with deliberate indifference and cruel and unusual punishment by exposing Plaintiff to unreasonable risk of hit placed on him by former gang.

87. Specifically, Defendants endangered Plaintiff's life by transferring him on the Illinois Department Of Corrections Bus from Stateville C.C. Protective Custody to Lawrence C.C., General Population with 24 other Maximum Security, General Population Individuals, while he still had a Request for Protective Custody Protection Pending that had not been fully exhausted through Administrative Remedies thus violating Plaintiff's Eighth Amendment Right.

## Count 4
### DUE PROCESS VIOLATION (Failure to Maintain Protective Custody for Placement of individuals in Protective Custody Status and Rule failure to Provide Standards for those who enforced it)

88. Plaintiff realleges and incorporate by reference each and every allegation set forth in paragraphs 1 through 87.

15.

89. In August of 2021 Lawrence C.C. was reclassified from a medium to a Maximum Security Facility but Lawrence C.C. failed to maintain an area for placement of committed persons in protective custody an accordance with the Illinois Administrative Codes 501.310(c).

90. In its failure to maintain and establish such rules to govern, Defendants - Chief Administrative Officer, Dee Dee Brookheart, Assistant Chief Administrative Officer, Jennings, Lieutenant Givings, Lieutenant Tye, Lieutenant Puckett, Lieutenant Ochs, Sergeant Purdue, Lawrence C.C. Internal Affairs Committee, utilized Plaintiff as a "Guinea Pig", resulting in plaintiff being housed in Restricted Housing (Segregation), Handcuffs, waist chains, and leg irons, anytime he was removed from his designated cell, denied excess to religious services, law library services, visitation with family (video contact), no outdoor recreational time, Indoor recreational time, vacant Housing Unit (6-House), No Heat, no Hot water, and unsanitary conditions in violation of plaintiffs due process rights.

## Count 5
## PROCEDURAL DUE PROCESS VIOLATION

91. Plaintiff realleges and incorporates by reference each and every allegations set forth in paragraphs 1 through ~~~~ 90.

92. Defendants - Chief Administrative Officer, Dee Dee Brookheart, Assistant Chief Administrative Officer, Jennings, Lieutenant Tye, Lieutenant Puckett, Lieutenant Givings, Purdue, Lawrence C.C. Internal Affairs Committee, subjected Plaintiff to handcuffs, waistchains, and leg irons.

93. Specifically, plaintiff understands that he has the due

16.

Process right to be provided with at least:

(a) brief summary detailing the factual basis for handcuffs, waist chains, and leg irons;

(b) an opportunity to prepare a defense to such restraints;

(C) an opportunity for him to present his views directly to the Chief Administrative Officer, either orally or in writing

94. All of which Plaintiff did not receive before being deprived of his right to be free from restraints. Plaintiff was not provided any due process of law before being subjected to handcuffs, waistchains, and leg irons anytime he was removed from his designated cell location. The consequences of those restraints deprived Plaintiff of his liberty from bodily restraint protected by the due process of law.

●ⓑ                    Count 6

DUE PROCESS CLAUSE VIOLATION (atypical and significant Hardship)

95. Plaintiff realleges and incorporates by reference each and every allegations set forth in paragraphs 1 through 94.

96. Defendants — Chief Administrative Officer, Dee Dee Brookheart, Assistant Chief Administrative Officer, Jennings, Lieutenant, Givings, Lieutenant Tye, Lieutenant Puckett, Lieutenant Ochs, Sergeant Purdue, and Lawrence Correctional center, Internal Affairs committee. imposed atypical and significant hardship on Plaintiff while he was in Protective Custody status at Lawrence Correctional Center.

17.

IV. STATEMENT OF CLAIM. Continued

97. Specifically defendants housed Plaintiff in Restricted Housing (Segregation) and Vacant Housing (six House) at Lawrence C.C. while he was in protective custody status due to the facility did not yet have established an actual protective custody and rules to govern such.

98. In such failure created a typical and significant hardship wherein the conditions were sufficient more restrictive then ordinary conditions of prison life for Individuals In Custody, in General Population and Protective Custody Protection.

98. While in Restricted Housing and Vacant Six House Unit under Protective Custody status, Plaintiff was not allowed:

(a.) Interaction with any other individuals seeking protective custody protection;

(b.) Excess to outside recreational time;

(c.) Excess to Hot water to shower, wash-up in cell or to prepare food;

(d.) Excess to Heat In his cell or wing he was housed on;

(e.) At times No excess to purchase commissary items;

(f.) Excess to showers;

(G.) Excess to Law Library Services;

(H). Excess to Religious Services;

(I.) Excess to Educational programs;

(J.) Excess to Visits (video or contact) with family members.

18.

STATEMENT OF CLAIM (CONTINUED)

100. Plaintiff was placed in handcuffs, waistchains, and leg irons anytime he was removed from his designated cell, including to use telephone, even though he was the only individual being housed in the Housing Unit.

101. Plaintiff was not provided cleaning materials to clean cell, wipe down phones prior to using in face of covid19/Omicron Pandemic.

102. Plaintiff was not being provided KN95 masks and Housing units, and cages he was being placed in was not being disinfected/sanitized in face of Covid19/omicron Pandemic.

103. Plaintiff was only permitted indoor recreational time in a caged classroom located in Segregation unit designated for group meetings for mentally Ill Individuals In Custody.

104. Plaintiff was not permitted any outside recreational time.

105. Such irrational restrictions imposed atypical and significant hardship on plaintiff in by comparison to the ordinary conditions of prison life for individuals In General Population and Protective Custody Protection in all other maximum facilitys in violation of Plaintiffs due process rights.

106. Also the irrational restrictions was violative of the Illinois Administrative Codes 501.310(d) (Housing Accomodations and Essential Services shall be comparable to those provided for the General population)

19.

REV. STATEMENT OF CLAIM. Continued

COUNT 7

DUE PROCESS / EQUAL PROTECTION VIOLATION

107. Plaintiff realleges and incorporates by reference each and every allegations set forth in paragraphs 1 through 106.

108. Defendants - Chief Administrative Officer, Dee Dee Brookheart, Assistant Chief Administrative Officer, Jennings, Lieutenant Puckett, Lieutenant Ochs, Sergeant Purdue, Lawrence Correctional Center, Internal Affairs Committee, failure to allow plaintiff excess to the Law Library Services, outside recreational time, visitation (video or contact) with family, dinning area participation, job participation, educational programs, religious services, movements with handcuffs, waist chains, leg irons any time he was removed from his designated cell, such failures and ~~restrictive~~ restraints was violative of the four-teenth Amendment to the U.S. Constitution guarantees of Equal Protection.

109. Also such failure's and restraints was violative of the Illinois Administrative Code, Section 501.310(d)(Housing Accomodations and Essential services shall be comparable to those provided for general population.

110. Moreover. Defendants - Chief Administrative officer, DeeDee Brookheart, Assistant chief Administrative officer, Jennings, Lieutenant Puckett, Lieutenant ochs, Sergeant Purdue, Lawrence Correctional Center, Internal Affairs Committee, Administrative Review Board chair Person, Sherry Benton, Administrative Review Board Personnel, Ryan A. Kilduff, Counselor, Christina Allsup, Menard CC Internal Affairs, Committee, Chief Administrative Officer, Anthony Wills.

20.

IV. STATEMENT OF CLAIM, Continued

Chief Administrative Review Board chair person, Travis Bayler, Director Of the Illinois Department Of Corrections, Rob Jeffrey's Chief Administrative Officer, David Gomez, Counselor Work supervisor, Graves, and Stateville C.C., Internal Affairs Committee denial of Plaintiff Protective Custody Protection due to his former affiliation with _____ gang whom placed a Hit on him and sexual assault that took place years ago compared to similar situated former gang members and victims of sexual assault who requested Protective Custody Placement violated the Fourteenth Amendment to the U.S. Constitution guarantees of Equal Protection Of laws.

## Count 8.

### EIGHTH AMENDMENT PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT

111. Plaintiff realleges and incorporates by reference each and every allegations set forth in paragraphs 1 through 110.

112. The restrictions forced upon plaintiff by defendants. Chief Administrative Officer, Dee Dee Brookheart, Assistant Chief Administrative Officer, Jennings, Lieutenant Givings, Lieutenant Tye, Lieutenant Puckett, Lieutenant Ochs, Sergeant Purdue, Lawrence Correctional Center, Internal Affairs Committee, Administrative Review Board Chairperson, Sherry Benton, Administrative Review Board Personnel, Ryan A. Kilduff, Director Of Illinois Department Of Corrections, Rob Jeffrey's, Chief Administrative Officer, Anthony Willis, Menard Correctional Center, Internal Affairs Committee, and Counselor, Christina Allsup

21.

IV. STATEMENT OF CLAIM, Continued

to Housing Accomodations and Essential Services comparable to those provided for the General Population and Protective Custody Population in accordance with Illinois Administrative Code, Section 501.310(d).

113. Specifically, defendants did not provide plaintiff Hot water, Heat, Outdoor Recreational Time, Visitation (video or Contact), Law Library Services, Educational or Religious Services, Commissary privileges at times, Excess to Dinning Area.

114. Further, Plaintiff subjected to unsanitary conditions by defendants and only allowed indoor recreational time in a Caged area.

115. Also, Defendants subjected Plaintiff to overly restrictive conditions (Hand cuffs, Waist chains, and Leg Irons) all while Plaintiff was in Protective Custody status at Lawrence C.C., and all in violation of the U.S. Eighth Amendment prohibition of Cruel and Unusual Punishment.

## Count 9

### FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH AND ASSOCIATION AND FREE EXERCISE CLAUSE

116. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 115.

22.

117. Defendants: Chief Administrative Officer, Dee Brook Heart, Assistant Chief Administrative Officer, Jennings, Lieutenant Givings, Lieutenant Tye, Lieutenant Puckett, Lieutenant Ochs, Sergeant Purdue, Lawrence Correctional Center, Internal Affairs Committee, Administrative Review Board Chair person, Sherry Benton, Director Of Illinois Department Of Corrections, Rob Jeffreys, Chief Administrative Officer, Anthony Wills, Menard Correctional Center, Internal Affairs Committee, Administrative Review Board Chair Personnel, Ryan A. Kilduff, and Counselor, Christina Allsup, failure to allow plaintiff to receive visits (video visit or contact visits) with family and to attend religious services violated his First Amendment Right to Freedom Of Speech and Association and Free Exercise Clause.

## COUNT 10
### RETALIATION CLAIM

118. Plaintiff realleges and incorporates by reference each and every allegations set forth in paragraphs 1 through 117.

119. Defendants: Chief Administrative Officer, David Gomez, Counselor, Work supervisor, Graves, Stateville correctional Center, Internal Affairs Committee, Chief Administrative Officer, Dee Dee Brook Heart, Assistant Chief Administrative Officer, Jennings, Lieutenant Givings, Lieutenant Puckett, Lieutenant Ochs, Sergeant Purdue, Lawrence Correctional Center, Internal Affairs Committee, Administrative Review Board Chair Person, Sherry Benton, Director Of Illinois's

23.

IV. STATEMENT OF CLAIM, continued

Department Of Corrections, Rob Jeffreys, Chief Administrative Officer, Anthony Wills, Menard Correctional Center, Internal Affairs Committee, Administrative Review Board chair Personnel, Ryan A. Kilduff, and Counselor Christina Allsup retaliated against Plaintiff for exercising his First Amendment Right to : (1) Request protective Custody Protection ;(2) File Grievance regarding denial Of protective Custody Protection; and (3) Conditions suffered while in protective Custody status.

120. Plaintiff was subjected to being Placed in handcuffs, Waist Chains, leg irons anytime he was removed from his cell, transferred from Stateville C.C to Lawrence C.C with 24 Other Maximum Security, General Population Individuals while he was in Protective Custody status. as well as placed in General Population with those 24 individuals at Lawrence Correctional Center, denied excess to visits (video or contact), law library Services, Religious Services, Educational programs, Commissary privilges at times, outdoor recreational time, indoor recreational time (only allowed in caged area designated for severly mentally Ill Individuals Group meetings), No Hot water, No Heat, NO COMMUNICATION with other similar situated individuals, Unsanitary Living conditions in face of Covid 19/Omicron Pandemic, and transferred from Lawrence Correctional center to Menard Correctional Center by Defendants

24

in retaliation. in violation of Plaintiff's First Amendment Right.

25.

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

Plaintiff is ~~suing~~ suing defendant's in their Official and individual Capacity wherein Plaintiff is seeking : Money Damages for Mental and Emotional Injury Suffered in violation of his Consfitutional Rights by defendants in his attempt to receive protective custody Protection from,-see attached paper

## VI.    JURY DEMAND (*check one box below*)

The plaintiff ☑ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:  04/20/22
_____
(date)

_____
Signature of Plaintiff

P.O. BOX 1000
_____
Street Address

Maurice S. Johnson
_____
Printed Name

MeNard, IL 62259
_____
City, State, Zip

K-53044
_____
Prisoner Register Number

N/A
_____
Signature of Attorney (if any)

Rev. 10/3/19

**United States District Court**
**SOUTHERN DISTRICT OF ILLINOIS**

_Maurice S. Johnson_ )
    **Plaintiff,** )
 )
 )
**VS.** )        Case No.: _____
 )
 )
_____ )
    **Defendant** )

---

### NOTICE OF FILING

TO: _Clerk Of the Court_     TO: ~~Clerk of the Court~~
_United States District Court_     _____
_Southern District Of Illinois_     _____
_750 Missouri Avenue_     _____
_East St. Louis, IL 62201_     _____

TO: _____     TO: _____
_____     _____
_____     _____
_____     _____

PLEASE TAKE NOTICE that on _04/20_, 20_22_, I have provided service to the person(s) listed above by the following means:

☑    Electronically filed through _____ Correctional Law Library

☐    Institutional mail at _____ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

---

### DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 USC 1746 and 18 USC 1621, I declare under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: _04/20/22_

/s/ _Maurice S. Johnson_
NAME: _Maurice S. Johnson_
IDOC#: _K-53044_
_Menard_ Correctional Center
P.O. Box _1000_
_Menard_, IL _62259_

V. REQUEST FOR RELIEF, continued

gang hit placed on him for not being able to stop his cellmate from forcefully sexually assaulting him; and (2) Injunctive Relief asking the court to: Compel Defendants to Allow Individuals (A) In Custody who request Protective Custody and who have been denied Protective Custody by Defendants visits (video and contact), Access to Law Library Services, Access to Religious Services, outdoor Recreational time, Access to Commissary Privilges, and excess to dinning area when permitted, and (B) ~~Compel Defendants~~ TO ~~Defendants~~ transfer plaintiff from "Maximum" Prison ~~were~~ were any of the defendants work ~~does~~ to minimize retaliation and Gang carrying out Hit on plaintiff, where plaintiff is ~~now~~ classified as eligible for medium Security Prison.

ILLINOIS DEPARTMENT OF CORRECTIONS
**Protective Custody Status**
_Stateville_ **Correctional Center**

**Offender's Request for Protective Custody** (check one): ☑ Placement   or   ☐ Release

I, Maurice S. Johnson    ID# K-53044   Cell/Unit XLC 18   hereby request to be

placed in or released from protective custody status for the following reasons (provide specific reason, including names, nicknames, and cell numbers of enemies, etc.). I understand I will remain in protective custody status until voluntarily released or until all administrative remedies sought have been exhausted.

Vulnerability: victim of prior Sexual assault in IYC - St. Charles.
At time of sexual assault, I was affiliated with the Vice
Lords. Even though I am no longer affiliated with the gang now,
the sexual assault occured when I was apart of the gang.
This information of the prior sexual assault has gotten out
to the gang. Therefore, My participation, even by force, is punishable
by death. Wherefore, I cannot go back to General population unless
I am ready to die. My life is at stake and anytime I leave out of cell life
is in danger.

_Maurice Johnson_   Offender's Signature          11, 28, 2020   Date

**Complete for Initial Placement:**

The offender was initially placed in protective custody status on ___/___/___ at ___ ☐ a.m. ☐ p.m.
                                                                    Date              Time

☐ Shift Commander or Duty Administrative Officer notified: _____ ___/___/___ ___ ☐ a.m. ☐ p.m.
                                                            Name of Person Notified        Date        Time

_____                    _____
Print Name of Staff                                 Signature of Staff

**Facility Decision:**

Your request for ☐ release from
                 ☐ placement in or protective custody was reviewed by the facility on ___/___/___ and it was:
                                                                                        (Date)

☐ Approved.

☐ Denied. You may immediately grieve this decision to the Administrative Review Board in accordance with DR 501 by so indicating below. If grieved, you will remain in protective custody status until a final decision is made by the Director.

_____                    _____
Chief Administrative Officer's Signature            Date

**Offender's Acknowledgement:**

Please acknowledge receipt of this decision by signing below and indicating whether or not you wish to grieve this decision.

☐ I hereby grieve this decision to the Administrative Review Board. I understand the administration will forward this grievance to the Administrative Review Board; no other grievance form need be filed by me.

☐ I am not grieving release from protective custody status.

_____                    _____
Offender's Signature                                Date

This decision was served to offender by:

_____   _____   ___/___/___
Print Name of Staff                Signature of Staff                 Date

☐ Offender refused to sign. (Forward to the Administrative Review Board for final review and the Director's determination.)

NOTE: If grieved, the administration shall forward a copy of this form to the Administrative Review Board for direct review, attaching a copy of Protective Custody Status Review.

_Exhibit A_

Printed on Recycled Paper

Distribution:   Master File; Administrative Review Board, if applicable;
                Offender

DOC 0054 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**Protective Custody Status**

_Lawrence_ Correctional Center

---

**Offender's Request for Protective Custody** (check one): ☑ Placement    or    ☐ Release

I, _Maurice Johnson_ _K-53074_ _R H B_ hereby request to be
     Print Offender's Name              ID#        Cell/Unit

placed in or released from protective custody status for the following reasons (provide specific reason, including names, nicknames, and cell numbers of enemies, etc.). I understand I will remain in protective custody status until voluntarily released or until all administrative remedies sought have been exhausted.

_Need Protective Custody for reasons_
_Stated in Interview Sheets_

_Maurice Johnson_                                    _12 , 21 , 21_
       Offender's Signature                                        Date

---

**Complete for Initial Placement:**

The offender was initially placed in protective custody status on _12_ , _21_ , _2021_ at _245_ ☐ a.m. ☑ p.m.
                                                                    Date                      Time

☑ Shift Commander or Duty Administrative Officer notified:

_Maj J. Kidd_ / _787_                    _12 , 21 , 2021_          _2:45_ ☐ a.m. ☑ p.m.
     Name of Person Notified                       Date                      Time

_Lt. Puckett_ / _Sgt Perdue_             _#6234_
     Print Name of Staff                            Signature of Staff

---

**Facility Decision:**

                    ☐ release from
Your request for ☑ placement in or protective custody was reviewed by the facility on _1 , 6 , 2021_ and it was:
                                                                        (Date)

☐ **Approved.**

☑ **Denied.** You may immediately grieve this decision to the Administrative Review Board in accordance with DR 501 by so indicating below. If grieved, you will remain in protective custody status until a final decision is made by the Director.

_DeeDee Brookhart_                                    _1 , 7 , 22_
     Chief Administrative Officer's Signature                              Date

---

**Offender's Acknowledgement:**

Please acknowledge receipt of this decision by signing below and indicating whether or not you wish to grieve this decision.

☑ I hereby grieve this decision to the Administrative Review Board. I understand the administration will forward this grievance to the Administrative Review Board; no other grievance form need be filed by me.

☐ I am not grieving release from protective custody status.

_Maurice Johnson_                                    _1 , 7 , 22_
       Offender's Signature                                        Date

---

This decision was served to offender by:

_A. P_                                    _#_                    _1 , 7 , 22_
     Print Name of Staff                            Signature of Staff                  Date

☐ Offender refused to sign. (Forward to the Administrative Review Board for final review and the Director's determination.)

NOTE:    If grieved, the administration shall forward a copy of this form to the Administrative Review Board for direct review, attaching a copy of Protective Custody Status Review.

_Exhibit B_

Distribution:    Master File; Administrative Review Board, if applicable;
                    Offender

Printed on Recycled Paper

DOC 0054 (Rev. 3/2005)

### ILLINOIS DEPARTMENT OF CORRECTIONS
### HEARING OF ADMINISTRATIVE REVIEW BOARD
### VIA PHONE CALL

*DATE OF HEARING*: January 18, 2022

*INSTITUTION*: Lawrence Correctional Center

*GRIEVANT NAME*:    Maurice Johnson, Register No. K53044

*BOARD MEMBERS PRESENT*: Sherry Benton, Administrative Review Board Chairperson, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Lawrence Correctional Center administration.

Nature of Grievance: Johnson is grieving denial of Protective Custody.

Findings: The Board notes Johnson is an MSR Violator with a New Sentence to IDOC (12/8/2004), has an original admission date of February 5, 1997 and a current MSR date of August 21, 2082.

Grievant has been housed at Lawrence Correctional Center since December 21, 2021. An affiliation with an STG is noted (Mafi: Insane Vice Lords).

The Board reviewed the Protective Custody Vote sheet. Grievant requested Protective Custody placement, stating the following (in summary): I need protection from the Vice Lord gang. The no-vote rationale indicates no sufficient verifiable information to warrant PC placement. CAO concurred on January 7, 2022.

Johnson's statement to ARB: The risk is still there. There's a hit on me by the Vice Lord Gang, due to an incident that took place with me and Dexter Berry while at IYC-St. Charles. Once a hit is out on you, regardless of how long ago, it's always "on". From a review of past PC Hearings, Johnson reiterated same/like claims used in those. Along with Johnson's oral statement to this Board, this office also reviewed grievances submitted by Johnson on this issue. The issues of where you are being housed during your PC stay, is an administrative decision and is therefore, denied. Your issues of being denied, or of having limited access to privileges/cleaning supplies and water issues, requires you to follow DR 504F and complete the grievance process at Lawrence, prior to submitting to this office; therefore, no review will be given. Additionally, paperwork reviewed for this current PC placement reflects Johnson citing an alleged sexual assault from 1994 that individuals in custody have recently found out about. Over the past 1 ½ years, Johnson has made these same claims during PC Hearings with this office. Each time, the claim was unsubstantiated and ultimately denied by this office and the Director.

Recommendations: Based on a total review of all available information, it is the opinion of the Board that the Grievant has not provided sufficient verifiable information to warrant the offender's retention in Protective Custody and should therefore, be placed into general population.

FOR THE BOARD:    *Sherry Benton*
                   Sherry Benton
                   Administrative Review Board Chairperson

CONCURRED:    *Rob Jeffreys*
              Rob Jeffreys

cc:    Warden, Lawrence Correctional Center
       Maurice Johnson, Register No. K53044          *Exhibit C*

Assigned Grievance #/Institution: _____    Housing Unit: _____  Bed #: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec: _____    2nd Lvl rec: _____

| Date: 01/16/22 | Offender (please print): Maurice S. Johnson | ID # K-53044 | Race (optional): Hebrew Israelite |

| Present Facility: Lawrence Correctional Center | Facility where grievance issue occurred: Lawrence Correctional Center |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): Protective Custody
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

> **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
> **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
> **Chief Administrative Officer,** only if EMERGENCY grievance
> Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 01/13/22, at 12:00 P.M., Officer came to Individual in Custody, Maurice S. Johnson, IDOC No. K-53044, Cell, located in Restricted Housing S-Bldg and told him to pack his property. Mr. Johnson was told by Gallery officer that he was moving to 6-House, which had been designated as the new Protective Custody Housing Unit. Mr. Johnson stated that once 6-House officer and Sergeant arrived and before removing him from

[x] Continued on reverse

**Relief Requested:** To receive all institutional privileges in accordance with the Administrative Codes ~~and~~ to stop being shackled in protective custody Housing (when we are not on lock down), as well as receive religious service

[ ] **Check only if this is an EMERGENCY grievance** due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[x] Check if this is **NOT** an emergency grievance.

Offender's Signature: Maurice S. Johnson    ID# K-53044    Date 01/16/22

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**
_____
_____
_____
_____
_____
_____

Print Counselor's Name _____    Sign Counselor's Name _____    Date _____

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?    Exhibit D

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

**RECEIVED**

**JAN 2 0 2022**

**ADMINISTRATIVE REVIEW BOARD**

Chief Administrative Officer's Signature _____    Date _____

the cell hi was placed in Handcuffs and escorted from restricted Housing, 5-B-W/16, cell 02 ~~████~~ to C - House cell 02. At approximately 20 minutes later the Sergeant returned opened the chuck Hole to again place Handcuffs on him before given him his personal property. At approximately 2:50 P.M. the counselor came to my cell door and stated she needed ~~his~~ signature on Protective custody placement request to sign out of protective custody. Mr. Johnson stated he related to the counselor that he did not wish to sign out and was waiting on his decision from the A.R.B. Board. thereafter ~~████~~ Mr. Johnson stated give me a minute and did not return. Mr. Johnson stated that 3 to 11 gallery officer told him that C-wing is designed for individuals awaiting decisions from the Administrative review board A-wing is designated for Check-in ~~approved~~ P.C. And B-Wing is designated for appeal P.C. Further, Mr. Johnson was told that he would not receive any indoor or outdoor recreational time. Mr. Johnson asserts that since he has been in C-house, he has not received any recreational time. Only being permitted one phone call a day Even though he is in A-grade, Mr. Johnson has not been allowed to purchase commissary items. The cell where he is being housed has cable cord ~~████~~ wires sticking out the walls no stool or chair in which to sit, spider problems, and C-wing where he is being housed, as well as his cell do not have any Hot water. Mr. Johnson stated that the water has been ice cold since his arrival over here but is being told by Officers that A and B wing has Hot water. Further, Mr. Johnson states that although he is the only individual in the entire C-house, and he is no longer in restricted Housing He is being shackled and placed in leg irons everytime he leaves his cell to use the phone on the 7-3 shift. On 01/16/22, at approximately 4:05, Mr. Johnson was handcuffed to go use the phone, Although two officers, escorted him, And he is the only individual in C-House, originally Mr. Johnson was told that the phone would be brought to his designated cell. Or he would be placed in the shower. But, ~~████~~ C-wing does not have phone jacks and at the time no lock had been placed on the shower doors. Moreover, Mr. Johnson states that several of the cells on C-wing either water or toilets does not work. Lastly, Mr. Johnson states that this building has been closed for months and no workers or staff has cleaned any of the wing, including phones, showers, etc...

Assigned Grievance #/Institution: _____    Housing Unit: _____    Bed #: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec: _____    2nd Lvl rec: _____

| Date: 01/13/22 | Offender (please print): Maurice S. Johnson | ID #: K-53044 | Race (optional): Hebrew Israelite |

| Present Facility: Lawrence C-C | Facility where grievance issue occurred: Stateville C.C. / Lawrence C-C. |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): Protective Custody
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
  **Chief Administrative Officer,** only if EMERGENCY grievance
  **Mail to Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 12/21/21, Individual In custody, Maurice S. Johnson, IDOC No. K-53044, was transferred from Stateville C.C. Protective Custody Unit. with 24 Other General Population Individuals. Mr. Johnson was placed on the same transfer bus with the 24 General Population Individuals. Mr. Johnson was Not secured in the front cages of the bus, but rather was placed within the bus with the general population individuals. Mr. Johnson had a pending Request for placement

[x] Continued on reverse

**Relief Requested:**

To receive all institutional privileges while in ~~Protective~~ Protective Custody status, stop being shackled (while no lock down) ~~and~~ receive cleaning material, and workers to clean wings.

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

_Maurice S. Johnson_                          _____    01/13/22
Offender's Signature                          ID#            Date
(Continue on reverse side if necessary)

**RECEIVED**

| Counselor's Response (if applicable) | Date Received: _____ | [ ] Send directly to Grievance Officer |

**JAN 18 2022**

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**ADMINISTRATIVE REVIEW BOARD**

**Response:** _____

_____
_____
_____
_____
_____
_____

_____    _____    _____
Print Counselor's Name    Sign Counselor's Name    Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

[ ] Yes, expedite emergency grievance
[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_Exhibit D_

_____    _____
Chief Administrative Officer's Signature    Date

Distribution: Master File; Offender                Page 1 of 2                DOC 0046 (Rev. 01/2020)

in Protective Custody and was required to remain in protective custody status until the exhaustion of all Administrative Remedies. Mr. Johnson did not waive or relinquish that right to remain in protective custody status until the Upon Mr. Johnson arrival at Lawrence C.C. and escorted to 7 House, A-wing, with the general population individuals from Stateville, he informed the gallery officer and Lt. that he suppose to be in protective custody status. Mr. Johnson was then escorted to the Internal Affairs office, where he spoke with Lt. Pickett. After Mr. Pickett completing interview Mr. Johnson was handcuffed and placed in S-BL-16 located in the Restricted Housing Unit due to Lawrence C.C. did not have a Protective custody. Mr. Johnson remained in Restricted Housing from 12/28/21 until 01/13/22 wherein he was handcuffed and escorted to 6-House, C-wing, cell 02. In which he was told is the gallery designated for individuals awaiting a hearing from the Administrative Review Board. B-wing, designated for Protective custody check-in, and A-wing designated for Approved Protective custody. Mr. Johnson states that even though he is no longer in Restricted Housing, He is still being handcuffed, did not receive any dayroom recreational time (but was allowed one 20 minute call), and was told that he would not receive any outside recreational time. Moreover, Mr. Johnson states that C-wing appears as it's incomplete where the shower doors contains no locks, the cell in which he resides has cable cords hanging out of the wall, the bunks (top and bottom) are extremely rusted, and no stools are equiped in the cell. Further, Mr. Johnson states that 6-House has been closed for months, that he is the first and only person residing in the entire 6-House, in which is extremely filthy and has no cell house workers to clean. Lastly, Mr. Johnson states that C-wing, as S-BL-16 of Restricted Housing where he previously resided has a spider problem.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: JOHNSON _____ MAURICE _____ ___ K53044 _____
           Last Name                First Name               MI        ID#

Facility: LAWRENCE _____

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: 1/13/2022 1/16/22 or ☐ Correspondence: Dated: _____

Received: 1/18/2022&1/20/2022 ___ Regarding: PROTECTIVE CUSTODY AT LAWRENCE CC (2) _____
       Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☒ This office previously addressed this issue on 1/18/2022 _____
                                   Date

☐ No justification provided for additional consideration.

Other (specify): HEARING CONDUCTED ON 1/18/2022 BY THIS OFFICE. GRIEVANCE DENIED. _____
_____

Completed by: RYAN A. KILDUFF _____                            1/24/22
             Print Name                                            Signature                Date

*Exhibit E*

Distribution:   Offender                      *Printed on Recycled Paper*                DOC 0070 (Rev. 3/2018)
            Inmate Issues

Assigned Grievance #/Institution:

Housing Unit: _____ Bed #: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| 1st Lvl rec: | | | 2nd Lvl rec: |
| --- | --- | --- | --- |

Date: **01/26/22** | Offender (please print): **Maurice S. Johnson** | ID #: **K-53044** | Race (optional): **Hebrew Israelite**

Present Facility: **Menard Correctional Center** | Facility where grievance issue occurred: **Lawrence Correctional Center**

**Nature of grievance:**

☐ Personal Property ☐ Mail Handling ☐ Medical Treatment ☐ ADA Disability Accommodation
☐ Staff Conduct ☐ Dietary ☐ HIPAA ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility ☑ Other (specify): **Protective Custody / ~~Issue from another facility~~**
☐ Disciplinary Report

_____ Date of report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

ON 12/31/21, Individual In Custody Maurice S. Johnson, IDOC No. K-53044 was trans-
ferred from Stateville C.C. Protective Custody Unit with twenty-four other
General Population Individuals ~~to~~ to Lawrence Correctional Center as
the first twenty-five, maximum Beds/others At the time Mr. Johnson
was transferred he still had a pending request for a Protective
Custody placement, and did not waive or relinquish ~~his~~ his right
to remain in protective custody, Mr. Johnson was transferred on the

☑ Continued on reverse

**Relief Requested:**

~~If~~ If I am reclassified and sent to a medium prison, closer to Joliet/
Morris IL, where Covid is not spiking and low Cov. activity, he will not file
lawsuits regarding P.C. and conditions at Lawrence/Stateville/Menard etc. and stay out
of protective Custody, Or will do the same if he is transferred to Pontiac C.C.
Protective Custody, until he can be reclassified to be placed in a medium

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☑ Check if this is NOT an emergency grievance.

_Maurice S. Johnson_ ____ K-53044 ____ 01/26/22
Offender's Signature ____ ID# ____ Date
(Continue on reverse side if necessary)

**Counselor's Response** (if applicable) Date Received: _____ ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____

_____

_____

_____

_____

_____ Print Counselor's Name _____ Sign Counselor's Name _____ Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_Exhibit F_

**RECEIVED**
FEB 07 2022
ADMINISTRATIVE
REVIEW BOARD

_____ Chief Administrative Officer's Signature _____ Date

Distribution: Master File: Offender ____ Page 1 of 2 ____ DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: _____    Housing Unit: _____    Bed #: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

1st Lvl rec: _____                                    2nd Lvl rec: _____

Same bus with the 24 other General population individuals. Once Mr. Johnson was placed on A-wing, in 7 house with the 24 other G.P. individuals that he informed Galley officer and Lt. that he suppose to be placed in Protective custody. After being interviewed by Lt. Puckett of the Internal Affairs office, he was handcuffed and placed in Restricted Housing 5-A-16 until 01/13/22 when he was moved to 6-House, Lower cell 02, as Lawrence C.C. "Protective Custody" Housing. See previous Grievance filed to A.R.B. regarding conditions Mr. Johnson was subjected to under Lawrence c.c. protective custody.

On 12/24/21, Mr. Johnson was placed Placed in Protective custody at Lawrence C.C. on 01/02/22, Mr. Johnson was denied his protective custody in which he appealed that decision to the A.R.B. On 01/07/22 Mr. Johnson had a A.R.B hearing by way of telephone at approximately 10 Am. with Sherry Butler, whom wanted to know why he still needed protective custody at Lawrence. In which I explained Mrs. Butler stated to Mr. Johnson that she would review his file and let him know her decision by Friday, the 14th of January 2022, on Mon., January 19, 2022, Mr. Johnson was interviewed by Internal Affairs at approximately 11 Am. Mr. Johnson was informed by I.A. that his higher ups asked him to Conduct an interview to determine if Lawrence re-classified my security level would I sign out of Protective custody to transfer to a Medium. Mr. Johnson stated that he would consider but safety was the most concern. At approximately 12 Pm of the Same date of January 19, 2022, I.A. officer returned to ask if Mr. Johnson would sign out of Protective custody to transfer to Lawrence C.C. medium security unit, in which he stated No. Mr. Johnson states that on 01/25/22, he was given two Round Card test and on 6:30 Am on 01/26/22, he was transferred from Lawrence C.C. to Menard C.C. as a Protective custody transfer. Mr. Johnson states to date 01/26/22 he has not received a decision back from Sherry Butler and had not been given that decision by Lawrence c.c. However, on 01/27/22 Mr. Johnson were again interviewed by Menard C.C. caused to why he needed protective custody at Menard C.C. In which he explained the "true Lords" have placed a hit on him and that that hit of being carried out has its greatest Chances to be carried out at this facility. Mr. Johnson states that General population inmates has been allowed/allowed to get up and close in purpose with him. Moreover, Mr. Johnson states that he has been placed at under deadly risk. That Menard C.C. has over 7 hundred Covid cases and still climbing between officers and inmates. That he is being isolated for 14 days in N2 housing within a door from Covid Positive individuals. All around him Menard is not providing disinfect to clean cells which are filthy, no disinfect for meals. Individuals leaving going to Cell house and returning again Positive, Leaving Guys in cell that are Positive and Negative. Temp Checks are only being provided to Positive individuals not everybody. Moreover, Mr. Johnson was offered to be reclassified security wise to go to a medium prison if he signed out of Protective Custody. After he refused Mr. Johnson's security level was raised He was transferred to Menard C.C., and Provided a "blue identification card" when he had been previously reclassified twice by stateville and provided a white identification card. Mr. Johnson has not received any disciplinary tickets for security to be raised Counselor at Menard C.C. said if wasn't Menard it was Lawrence c.c.

Distribution: Master File; Offender                    Page 2 of 2                    DOC 0046 (Rev. 01/2020)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Johnson_          _Maurice_          ___ MI     _K53044_
          **Last Name**          **First Name**              **ID#**

Facility: _Menard_

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: _01/26/22_ or ☐ Correspondence: Dated: _____

Received: _2/7/22_ Regarding: _Protective Custody Request @ Statesville._
          **Date**

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

---

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
                                                **Date**

☐ No justification provided for additional consideration.

---

**Other** (specify): _P.C. Request can be made @ current facility._
_P.C. hearing will be @ Menard currently in P.C._

Completed by: _RYAN A. KILDUFF_          _Ryn A Kilduff_          _2/10/22_
              **Print Name**                  **Signature**              **Date**

_Exhibit G_

Assigned Grievance #Institution _____                                     Housing Unit: _____   Bed #: _____

1st Lvl rec: _____

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

2nd Lvl rec: _____

| Date: 01/18/22 | Offender (please print): Maurice S. Johnson | ID #: K-53044 | Race (optional): Hebrew Israelite |
|---|---|---|---|
| Present Facility: Lawrence Correctional Center | | Facility where grievance issue occurred: Lawrence Correctional Center | |

**Nature of grievance:**

☐ Personal Property    ☐ Mail Handling    ☐ Medical Treatment    ☐ ADA Disability Accommodation

☐ Staff Conduct    ☐ Dietary    ☐ HIPAA    ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility    ☑ Other (specify): *Protective Custody*

☐ Disciplinary Report

_____ Date of report      _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance".

     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor

     **Chief Administrative Officer,** only if EMERGENCY grievance

     **Mail to Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

ON 01/18/22, individual in custody, Maurice S. Johnson, EDOC No. K-53044, stated at approximately 6:10 A.M. cold air started blowing through the vents in his cell. On the same date at approximately 9:00 A.M., Mr. Johnson states that he was informed by the gallery officer that he had a scheduled phone call with the Administrative Review Board regarding protective custody placement. Mr. Johnson states that at approx. 10 A.M., he was placed in a wristchair and handcuffs by gallery officer. The gallery officer and

☑ Continued on reverse

**Relief Requested:**

For Injunction Relief to be issued against Lawrence C.C. To Halt placing individuals in custody in Restricted Housing / Abandon cell-Housing under False Pretense as Protective Custody Status where they do not have a actual Protective Custody established and/or rules to govern such. Moreover, Mr. Johnson request to stop being shackled, ~~reccieve~~ receive all institutionals privileges, and stop being punished for requesting P.C.

☐ **Check only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☑ Check if this is **NOT** an emergency grievance.

_Maurice Johnson_     K-53044     01/18/22
Offender's Signature      ID#      Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____
_____
_____
_____
_____
_____

_____ Print Counselor's Name      _____ Sign Counselor's Name      _____ Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**RECEIVED**

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?    *Exhibit H*

☐ Yes, expedite emergency grievance

☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

JAN 24 2022

ADMINISTRATIVE REVIEW BOARD

_____ Chief Administrative Officer's Signature      _____ Date

Sergeant escorted him to a phone In which a male counselor dialed a phone number, spoke with the individual, and handed the phone to him. Mr. Johnson stated the individual on the phone identified herself as Sherry Butler of the A.R.B. Mr. Johnson stated Mrs. Butler asked him why he needed Protective custody at Lawrence C.C., in which he explained the assault that Occurred while in IYC- St Charles, the name of the assailant, how the assault possibly got back to the gang, and what ranking member ordered me to not come out of P.C. unless I wanted to be severely violated. Mr. Johnson also stated he tried to convey to Mrs. Butler about the harsh conditions Lawrence is subjecting him to for requesting Protective custody and Mrs. Butler stated he would have to take that up with Lawrence C.C., through the Grievance Process Even though all grievance dealing with P.C. goes to the A.R.B. which Mr. Johnson had previously forwarded Several grievance already regarding the issue. Mrs. Johnson states that Mrs. Butler stated that he would receive her decision by the end of the week and asked Mr. Johnson to place the counselor back on the phone. Moreover, Mr. Johnson states that at approximately 10:30A.M., the Heat was turned off in the cell in which he resides. Mr. Johnson states that he doesn't have any Heat and has not had any Hot water since he was moved to C-wing, cell-02, IN 6-House On 01/13/22. At approximately 2:25pm, 2 nurses, 1 galley officer, and Sergeant arrived at the cell to take his tempature. Mr. Johnson states that he has NOT received any indoor or outdoor recreational time, Commissary privileges, Chaplain services (Religious services), Law Library services, Educational services, work details, or allowed to have his laundry washed. Mr. Johnson states that he was told by officers, Sergeant, Lt.s major, that all he would receive is a shower and 1 Phone Call. Mr. Johnson states that C-wing (in which he is being housed at has not been cleaned since he moved over here on 01/13/22. Prior the building (6-house) had been unoccupied for months. Mr. Johnson states that he is the only one being housed in 6-house. There are No Porters to clean. The showers are still ice cold. On the 3 to 11 Shift Mr. Johnson states that he informed the galley officer Wimes, Sergeant Griffin, and Lt Phillips about NO Hot water and heat. Mr. Johnson stated officer Wimes stated he would write paper work on the issue. At approximately 5:05pm, Mr. Johnson states that he spoke with Lt. Phillips whom stated she's aware of No Heat, that a E-mail went out yesterday (01/17/22) stating that Heat would be turned off today but would be backup and running by evening time. As of 5:49P.M, No Heat Avail. Mr. Johnson stated that Mrs. Phillips stated they are aware that there is no Hot water in the cell. Mrs. Phillips stated that she sent E-mails out to the major and was waiting to hear back whether I should be shackled any time I am leaving out of the cell. Moreover, Lt. Phillips Stated that memo states that All I am to receive is a Shower, and 1 phone call. NO indoor or outdoor recreational time. Even though he is in A-grade and not in Restricted Housing for a violation of any Institutional Rule Infraction.

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board
Return of Grievance or Correspondence**

Offender: __JOHNSON__                    __MAURICE__                                      __K53044__
                    Last Name                          First Name                   MI              ID#

Facility: __LAWRENCE__

☒ Grievance: Facility Grievance # (if applicable) _____ Dated: _1/18/2022_    or ☐ Correspondence: Dated: _____

Received: _1/24/2022_    Regarding: __PROTECTIVE CUSTODY AT LAWRENCE CC__
                Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☒ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.    *for issues other than P.C.*

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☒ This office previously addressed this issue on _1/18/2022_ *for PC*
                                                    Date

☐ No justification provided for additional consideration.

Other (specify): __HEARING CONDUCTED ON 1/18/2022 BY THIS OFFICE.__ *for PC*

Completed by: __RYAN A. KILDUFF__                    _[signature]_                    _1-28-22_
                        Print Name                                Signature                          Date

*Exhibit I*

Printed on Recycled Paper

DOC 0070 (Rev. 3/2018)

Distribution:    Offender
                    Inmate Issues

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec: _____                                                            2nd Lvl rec: _____

| Date: 02/01/22 | Offender (please print): Maurice. S. Johnson | ID #: K-53044 | Race (optional): Hebrew Ismelite |
|---|---|---|---|
| Present Facility: Menard Correctional Center | | Facility where grievance issue occurred: Lawrence C.C., Stateville C.C. and Menard C.C. | |

**Nature of grievance:**

☐ Personal Property   ☐ Mail Handling   ☐ Medical Treatment   ☐ ADA Disability Accommodation

☐ Staff Conduct   ☐ Dietary   ☐ HIPAA   ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility   ☑ Other (specify): Issue's Involves Protective Custody

☐ Disciplinary Report _____ Date of report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 12/21/21 Individual in Custody, Maurice S. Johnson, IDoc No K-53044 were transferred from Stateville C.C. Protective Custody Housing Unit with 24 other General Population individuals to Lawrence C.C. General Population (Maximum security). Mr. Johnson did not waive or relinquish his right to remain in protective custody until the exhaustion of all the required Administrative Remedies. Once Mr. Johnson were placed in 7 House, A wing, General Population. He informed Lt. that he were suppose to be in protective custody status. Mr. Johnson were then taken to the Internal Affairs office and interviewed by Sgt Puckett of I.A. After said interviews were completed Mr. Johnson were

☐ Continued on reverse

**Relief Requested:**

To be Reclassified security wise and sent to a medium institution back North or to Protective Custody of Pontiac C.C. prefer to be sent to medium institution. If so any future lawsuit regarding protective custody and conditions suffered thereof will not be pursued. If terms cannot be met no relief lawsuit will be filed after answer of grievance by ARB. Thank you!

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☑ Check if this is NOT an emergency grievance.

Maurice S. Johnson _____   K-53044   02/01/22
Offender's Signature                          ID#                  Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)   Date Received: _____   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____

_____

_____   _____   _____
Print Counselor's Name        Sign Counselor's Name        Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance process.

Exhibit J

RECEIVED

FEB 17 2022

ADMINISTRATIVE
REVIEW BOARD

_____   _____
Chief Administrative Officer's Signature        Date

have denied, placed in Protective Custody status, and placed in Restricted Housing Unit due to Lawrence c.c. did not have a Protective Custody Housing Unit. While mr. Johnson were in R.H., S-Block cell he were constantly subjected to Shackling, received no outside recreational time, no law library, no religious service, and no hot water. On 01/13/22 mr. Johnson was moved from R.H., S-Block to 6-House, lower c2 cell as only individual in protective custody cell house, while housed there mr. Johnson received no indoor or outside recreational time, no law library service, no religious service, no video visits, no hot water. At times no heat. Further, mr. Johnson states the wing in which he were being housed was not cleaned including doctors Covid protocols were not being followed, and he were Shackled anytime he were removed from his cell. On 01/18/22, at 10am, mr. Johnson received hearing by telephone with Sherry Butler whom he explained reasons for Protective custody at Lawrence c.c. Mr. Johnson were told by Mrs Butler that he would receive her decision by that following Friday 21st. On 01/24/22 at 11A.m. and 12P.m. mr. Johnson were interviewed by Internal Affairs in regards to possibly signing out of Protective Custody if he were reclassified and transferred to a Medium Correctional Center. After mr. Johnson stated that he would consider but refused to sign out to be housed at Lawrence c.c. medium housing unit his "Security classification" were heightened and on 01/25/22, he were given two rapid Covid tests. On 01/26/22, mr. Johnson were transferred to Menard C.C. in the midst of IDOC being on a Covid 19 Lockdown and Menard C.C. having the Highest Covid Rate and Deaths amongst Illinois prisons & employees. Mr. Johnson states that to date he has not received decision from Sherry Butler of the A.R.B. As punishment for not signing out of protective custody at Lawrence c.c. mr. Johnson's Security classification were heightened and he were sent to Menard c.c. were risk of him being assaulted by the Gang that have a Hit on him and him being infected with Covid were at the Highest. Menard c.c. have been opened since 1878. The cells are filthy and moldish. Disinfect is not being provided to clean cell or supplied during meals. Correctional officers, Counseling, Medical Technicians, etc... are not wearing their masks at all times. Temp. checks are not being provided on a daily basis for all individuals in custody on a daily basis, but rather only to Covid 19 Positive individuals. Positive and negative individuals are being housed amongst one another in Housing Unit North 2. This include 14 day isolation of individual new into the institution, General Population individuals that have tested Positive for Covid19, individuals in Restricted Housing Status - regardless status of Positive or negative for Covid19, and Individuals in Administrative Detention - regardless status of Positive or negative for Covid19. Many of the individuals returning from North2 Housing Unit to General Population, protective custody, or Administrative Detention returns to north 2 Housing Unit infected with Covid19. As many of the Housing Units do not have proper Ventilation System and Individuals are just being warehoused. Menard C.C. do not have a housing unit or designated area to house individuals whom has tested positive to Covid 19 from Individuals that are Negative from Covid 19 Therefore, Consistly creating a Super spreading cycle amongst individuals in custody and employees within the facility, keeping Menard CC at the top of Correctional Center with Highest Covid Rates in death amongst IDOC. Further, the positive and Negative Covid19 individuals use the Same telephones in which they are only given 20 minutes per individual Each call is 20 minutes so individuals are not being provided disinfect to clean phones prior to using or time in which to do so. Moreover, individuals are using the same showers. That is Covid 19 positive and negative individuals. So the conditions of mr. Johnson's protective Custody status at Menard C.C. is a double edged sword. Covid 19/Omicron and hit being carried out by "vice lord Gang" As Menard c.c. has the strongest hold amongst gangs. Mr. Johnson states that Lawrence c.c. and Transfer Coordinators knew these risk's when they transferred mr. Johnson into Menard c.c. in the midst of a Covid 19 Lockdown in which transfers from IDOC has stopped due to raise of Covid 19/omicron throughout Illinois prisons.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** _Johnson_ _Maurice_ _____ _K63044_
            Last Name        First Name        MI        ID#

**Facility:** _Menard_

☒ Grievance: Facility Grievance # (if applicable) _____, Dated: _2/1/22_ or ☐ Correspondence: Dated: _____

**Received:** _2/17/22_ Regarding: _Issues Involving Protective Custody_
            Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☒ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☒ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely. _Cleaning supplies @ current facility and could response._

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☒ This office previously addressed this issue on _1/24/22_ ] _P.C. issue addressed._
                                            Date

☒ No justification provided for additional consideration.

**Other** (specify): _____

**Completed by:** RYAN A. KILDUFF        _[signature]_        _2/23/22_
                Print Name                    Signature            Date

_Exhibit K_

Distribution:  Offender                    Printed on Recycled Paper                    DOC 0070 (Rev. 3/2018)
              Inmate Issues

**J.B. Pritzker**
Governor



**Rob Jeffreys**
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

February 24, 2021

Maurice Johnson
Register No.  K53044
Stateville Correctional Center

Dear Mr. Johnson:

This is in response to your recent request for Protective Custody placement.  In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied February 9, 2021.  This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center on the following dates: 1/28/21, 11/18/20 and 10/26/20. No new information has been provided on either of these reviews/submissions to warrant a change of decision. The Director also denied these requests for protective custody placement.

Therefore, this office recommends Offender Johnson's request for Protective Custody placement be denied and he be returned to General Population. Additionally, Johnson should be housed separately from any cited KSF's.

FOR THE BOARD: _Sherry Benton_
Sherry Benton
Administrative Review Board
Office of Inmate Issues

CONCURRED: _Rob Jeffreys eda_
Rob Jeffreys
Acting Director

cc:   Warden, Stateville Correctional Center
Maurice Johnson, Register No. K53044

Exhibit L

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

## ILLINOIS DEPARTMENT OF CORRECTIONS
## HEARING OF ADMINISTRATIVE REVIEW BOARD
## VIDEO CONFERENCE

*DATE OF HEARING*:   January 28, 2021

*INSTITUTION:* Stateville Correctional Center

*GRIEVANT NAME*:     Maurice Johnson, Register No. K53044

*BOARD MEMBERS PRESENT*:  Sherry Benton, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center administration.

Nature of Grievance: Offender Johnson is grieving denial of Protective Custody.

Findings:  The Board notes the offender is an MSR Violator, returned to IDOC (12/8/2004) and has a current MSR date of August 23, 2082.

Grievant has been housed at Stateville Correctional Center since 7/13/2013. An affiliation with an STG is noted (Mafia Insane Vice Lords).

The Board reviewed the Protective Custody vote sheet. Grievant requested Protective Custody placement, stating the following (in summary): Due to an incident that occurred when I was at IYC-St. Charles, I now get threats. The no-vote rationale indicates no sufficient verifiable information to warrant PC placement. CAO concurred on January 15, 2021.

Offender's statement to ARB: Everything that's on my form is the same reason why I need PC.

Recommendations:  Based on a total review of all available information, it is the opinion of the Board that the Grievant *has not* provided sufficient verifiable information to warrant the offender's retention in Protective Custody, and therefore, should be placed back into general population, housed away from any known KSF's.

*FOR THE BOARD:*  Sherry Benton

Sherry Benton
Administrative Review Board Chairperson
Office of Inmate Issues

*CONCURRED:*  Rob Jeffreys

Rob Jeffreys
Acting Director

cc:    Warden, Stateville Correctional Center
       Maurice Johnson, Register No. K53044

Exhibit M

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**
**VIDEO CONFERENCE**

*DATE OF HEARING*:   September 30, 2021

*INSTITUTION*:   Stateville Correctional Center

*GRIEVANT NAME*:   Maurice Johnson, Register No. K53044

*BOARD MEMBERS PRESENT*:   Ryan A. Kilduff, Administrative Review Board Chairperson, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board.  All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center administration.

Nature of Grievance: Individual in custody Johnson is grieving denial of Protective Custody.

Findings:  The Board notes the individual in custody is MSR Violator/New Sentece (orginal admission date of 2/5/1997), Johnson has projected MSR date of August 23, 2082.

Grievant has been housed at Stateville Correctional Center since July 17, 2013.  An affiliation with Mafia Insane Vice Lords is noted.

The Board reviewed the Protective Custody vote sheet.  Grievant requested Protective Custody placement, stating the following (in summary): Reasons why I need to be placed in protective custody status is same as reasons requested in March of 2021.  I was told by Black, Lil AT and Strap Iron that I could not return to General Population here in Stateville C.C., so to remain safe I have to choose to keep signing in for protective custody to remain safe from any potential harm.  The no-vote rationale indicates no sufficient verifiable information to warrant PC placement , CAO concurred on 9/16/2021.

Offender's statement to ARB: (in summary)"This dates back to when I was in IYC St. Charles. Lil AT was from IYC St. Charles and allegation of sexual assualt just came out.  I continue to get threatened through the gate and at the yard.

Recommendations:  Based on a total review of all available information, it is the opinion of the Board that the Grievant has not provided sufficient verifiable information to warrant the offender's retention in Protective Custody and therefore should be placed back into general population.

FOR THE BOARD:    _____
                                      Ryan A. Kilduff
                                      Administrative Review Board Chairperson

I CONCUR:    _____
                        Rob Jeffreys
                        Director

Exhibit N

cc:   Warden, Stateville Correctional Center
        Maurice Johnson, Register No. K53044

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**HEARING OF ADMINISTRATIVE REVIEW BOARD**
**VIDEO CONFERENCE**

*DATE OF HEARING*: September 25, 2020

*INSTITUTION*: Stateville Correctional Center, Joliet, Illinois

*GRIEVANT NAME*: Maurice Johnson, #K53044

*BOARD MEMBERS PRESENT*: Travis Bayler, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board. All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Stateville Correctional Center administration.

Nature of Grievance: Offender Johnson is grieving denial of protective custody.

Findings: The Board notes the offender is currently serving an 80 year sentence. The Grievant has been housed at Stateville Correctional Center since July 17, 2013. Records reflect an admission date of December 8, 2004. STG affiliation noted as Mafia Insane Vice Lords.

The Board reviewed the Protective Custody vote sheet dated August 31, 2020. Grievant requested Protective Custody placement, stating the following (In summary): Offender wishes to stay safe from the COVID-19 outbreak in B, C, D, E and F Houses. Offender states he is vulnerable due to losing 25 pounds on a hunger strike. Offender fears that Lt. D Jaburek will put him in a cell with an inmate that will harm him out of retaliation.

Offender's statement to ARB: Offender stated that due to COVID, mental health issues, and an instance of sexual assault when offender was youth in "Little IDOC", offender now feels vulnerable in General Population. Offender stated due to his mental health issues he has withdrawn from other offender's and due to them not understanding his issues, he has been threatened. Offender stated he has not been specifically threatened. Offender stated he doesn't want put in a bad environment and feels vulnerable in G.P. such as on the yard and at showers.

Recommendations: Based on a total review of all available information, it is the opinion of the Board that Johnson has not provided sufficient verifiable information to warrant his retention in Protective Custody; therefore the grievance is denied.

*FOR THE BOARD*:
Travis Bayler
Administrative Review Board Chairperson
Office of Inmate Issues

*CONCCURED*: _____ September 25, 2020
Rob Jeffreys
Acting Director

cc:    Warden, Stateville Correctional Center
       Maurice Johnson, #K53044

Exhibit O



J.B. Pritzker
Governor

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

October 26, 2020

Maurice Johnson
Register No.  K53044
Stateville Correctional Center

Dear Mr. Johnson:

This is in response to your recent request for Protective Custody placement.  In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied October 16, 2020.  This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center on the following date(s): September 25, 2020.  No new information has been provided on either of these reviews/submissions to warrant a change of decision. The Director also denied these requests for protective custody placement.

Therefore, this office recommends Offender Johnson's request for Protective Custody placement be denied and he be returned to General Population.

FOR THE BOARD:

Dave White
Administrative Review Board
Office of Inmate Issues

CONCURRED:

Rob Jeffreys
Acting Director

cc:    Warden, Stateville Correctional Center
Maurice Johnson, Register No. K53044

Exhibit P

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*
**www.illinois.gov/idoc**

## ILLINOIS DEPARTMENT OF CORRECTIONS
## HEARING OF ADMINISTRATIVE REVIEW BOARD
## VIDEO CONFERENCE

*DATE OF HEARING*:  November 18, 2020

*INSTITUTION:*  Stateville Correctional Center

*GRIEVANT NAME*:   Maurice Johnson, Register No. K53044

*BOARD MEMBERS PRESENT*:  Sarah Johnson, Administrative Review Board Chairperson, Office of Inmate Issues, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board.  All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed.   Issues warranting further action / consideration were discussed with the Stateville Correctional Center administration.

Nature of Grievance: Offender Johnson is grieving denial of Protective Custody.

Findings:  The Board notes the offender is MSR Violator/New Sentence (original admission date of 2/5/1997). Johnson has a projected MSR date of August 23, 2082.

Grievant has been housed at Stateville Correctional Center since July 17, 2013.  An affiliation with Mafia Insane Vice Lords is noted.

The Board reviewed the Protective Custody vote sheet dated October 28, 2020.  Grievant requested protective custody stating the following:  Vulnerability victim of prior sexual assault in IYC St. Charles.  At time of the sexual assault I was affiliated with the Vice Lords.  Even though I am no longer affiliated with the Vice Lords now the sexual assault occurred while I was part of the gang.  This information of the prior sexual assault has gotten out to the Vice Lords.  Therefore my participation even by force is punishable by death.  Wherefore, I cannot go back to general population unless I am ready to die.  My life is at stake and every time I leave out of cell my life is in danger.  The no-vote rationale indicates no sufficient verifiable information to warrant PC placement. CAO concurred on November 6, 2020.

Offender's statement to ARB:  I was the victim of sexual assault in IYC St. Charles in 1994 or 1995.  I have received threats from the mob due to the sexual relations  Guys yelling on the yard, if you come over here we are gonna kill you.

Recommendations:  Based on a total review of all available information, it is the opinion of the Board that the Grievant *has not* provided sufficient verifiable information to warrant the offender's retention in Protective Custody, and therefore, should be placed back into general population.

*FOR THE BOARD:*  _____

Sarah Johnson
Administrative Review Board Chairperson
Office of Inmate Issues

*CONCURRED:*  _____

Rob Jeffreys
Acting Director

*Exhibit Q*

cc:    Warden, Stateville Correctional Center
        Maurice Johnson, Register No. K53044

J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

May 20, 2021

Maurice Johnson
Register No. K53044
Stateville Correctional Center

Dear Mr. Johnson:

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied May 12, 2021. This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center on the following dates: 2/24/2021, 1/28/2021, 11/18/2020, 10/26/2020, 9/25/2020. No new information has been provided since these reviews to warrant a change of decision. The Director also denied these previous requests for protective custody placement.

Therefore, this office recommends Offender Johnson's request for Protective Custody placement be denied and he be returned to General Population. Offender Johnson is to be housed separate from KSF's.

FOR THE BOARD:   _WM Jordan_
                 WM Jordan
                 Administrative Review Board
                 Offender Grievance Office

CONCURRED:   _Rob Jeffreys_
             Rob Jeffreys
             Acting Director

cc:   Warden, Stateville Correctional Center
      Maurice Johnson, Register No. K53044

*Exhibit R*

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*
**www.illinois.gov/idoc**

J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

July 23, 2021

Maurice Johnson
Register No. K53044
Stateville Correctional Center

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied July 15, 2021. This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center on the following dates: 1/28/2021, 2/24/2021, 11/18/20, 10/26/20, 9/25/20 and 5/20/2021. No new information has been provided since these reviews to warrant a change of decision. The Director also denied these previous requests for protective custody placement.

Therefore, this office recommends Maurice Johnson's request for Protective Custody placement be **denied** and he be returned to General Population. Please note, Maurice Johnson is to be housed separately from any cited KSFs.

FOR THE BOARD: _____
Adewale Kuforiji
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Acting Director

cc:   Warden, Stateville Correctional Center
Maurice Johnson, Register No. K53044

Exhibit S

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

JB Pritzker
Governor



Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

8/23/21

Maurice Johnson
Register No. K53044
Stateville Correctional Center

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied August 13, 2021. This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center on the following dates: 7/23/21, 5/20/21, and 2/24/21, 11/18/20, 10/26/20, and 9/25/20 . No new information has been provided since these reviews to warrant a change of decision. The Director also denied these previous requests for protective custody placement.

Therefore, this office recommends Grievant's request for Protective Custody placement be denied and he be returned to General Population. Additionally, Johnson should be housed separately from any cited KSF's

FOR THE BOARD: _____

Travis Bayler
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Rob Jeffreys
Director

cc:   Warden, Stateville Correctional Center
Maurice Johnson, Register No. K53044        Exhibit T

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

J.B. Pritzker
Governor



Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

October 29, 2021

Maurice Johnson
Register No. K53044
Stateville Correctional Center

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Stateville Correctional Center administration notified you that your request for protective custody was denied October 19, 2021. This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Stateville Correctional Center on the following dates: 9/30/21, 8/23/21, 7/23/21, 5/20/21, 2/24/21, 1/28/21, 11/18/20... No new information has been provided since these reviews to warrant a change of decision. The Director also denied these previous requests for protective custody placement.

Therefore, this office recommends Maurice Johnson's request for Protective Custody placement be denied and he be returned to General Population. KSF's are currently noted for Individual in Custody at Stateville. Johnson is to be housed separately from any recorded KSFs.

FOR THE BOARD: _____
Adewale Kuforiji
Administrative Review Board
Grievance Office

CONCURRED: _____
Rob Jeffreys
Director

cc:    Warden, Stateville Correctional Center
       Maurice Johnson, Register No. K53044

*Exhibit U*

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

Name: Maurice S. Johnson IDOC NO: K-53044 HSE/Gal/Cell: N2-131
TO: N2 Counselor, H. Price.
Subject: Video visitation & 3 Grievance placed in Lockbox
Date: 03/16/22

Dear Mrs. Price:
My request is in regards to clarification why my
wife and kids is not be allowing to schedule
video visits. My wife is providing all information
into system and she is being told that I
am restricted from receiving video visits. My
question again is why? I was denied for protective
custody placement so, I should not be in any PC
intake anymore. Also, I have filed 4 Grievance
regarding Access to telephones, recreational time, Religious
Services, visits etc.— However, I haven't received
any Counseling summary/receipt which Grievance #'s
for those grievance. Although Grievance's was deposited
in Grievance lock box, ~~xxxxxxx~~
          Furthermore, how long is this Alleged intake
process. Thank you! Look in Orientation Manual
                    B/ Maurice S. Johnson

                    E xhibit V

Name: Maurice S. Johnson  IDoc.No: K-53044  Hse/Gall/cel: N2-1.
TO: Law Library
Subject: Call Line
Date: 02/28/22

Dear Law library Personnel:
My request is invregards to being placed on
Law Library Call line to obtain copys and do
legal research. I am being housed on 1gallery
Of N2. Cells 1-27 is general population.
Cells 28 on backwards is overflow
Protective Custody. Gallery Officer stated I
Cannot be of law library at same time
as General population. So I am inquiring
On what days and when will I be
provided excess to the Law Library.
Thank you!    S/ Maurice S. Johnson

P.S. Court writ is
scheduled for 03/14/22.
Do. I need Court order
for weekly excess to law
Library?

    Exhibit W

YOU ARE IN PC INTAKE - You
HAVEN'T BEEN FORMALLY
"APPROVED" TO STAY IN PC
ONCE YOU ARE APPROVED YOU
WILL PROBABLY BE SENT TO
MCH PC AND YOU WILL BE
ABLE TO ATTEND LAW LIBRARY
    MAR 0 2 2022

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

| Date Received: 01/19/2022 | Date of Review: 01/20/2022 | Grievance # (optional): 01-22-051 |
|---|---|---|

| Offender: **JOHNSON, MAURICE** | ID#: **K53044** |
|---|---|

Nature of Grievance: Conditions of Confinement

**Facts Reviewed:** Johnson K53044 wrote grievance on 12/26/2021; received at 1st level on 01/04/2021. Grievant claims that on 12/21/2021 that their assigned cell does not have hot enough water to clean or cook their food. Grievant claims they have not been receiving outdoor recreation time. Grievant claims that no cleaning "materials" are being provided to clean their cell. Grievant claims that phones are not being cleaned. Grievant claim that dayrooms are not being cleaned.

**Relief Requested:** "To receive hot water in living area and outdoor recreation time."

**Counselor's Response:** "Per review of section 501.310 c) each maximum security facility shall maintain an area for placement of committed persons in protective custody. D) Housing accommodations and essential services shall be comparable to those provided for the general population. Per research of work order book in assigned cell of grievant restrictive housing unit B wing, lower16, there is no work order in place stating cell had no hot water. Grievant is being offered recreation and phone privileges per verbal response from Lt Ochs. Property privileges are compliant with all individuals assigned to current housing unit requirements."

**Grievance Officer's Review:** As of 01/13/2022, the grievant has been moved from the Restrictive Housing unit to Housing unit # 6 - Lawrence CC designated Protective Custody unit.

Grievant does not provide incident dates concerning cleaning supplies distribution or the cleaning of phones and dayroom areas.

Recommendation: Based upon a total review of all available information, this Grievance Officer recommends that the grievance be **moot - in that the grievant is no longer assigned to the Restrictive Housing Unit**

| J. Garrett, CCII | |
|---|---|
| Print Grievance Officer's Name | Grievance Officer's Signature |

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: _12/22_    ☐ I concur    ☐ I do not concur    ☐ Remand

Action Taken:

**RECEIVED**

MAR 0 2 2022

ADMINISTRATIVE
REVIEW BOARD

| | 12/22 |
|---|---|
| Chief Administrative Officer's Signature | Date |

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

| Maurice S Johnson | K-53044 | 02/04/22 |
|---|---|---|
| Offender's Signature | ID# | Date |

*Exhibit X*

RECEIVED
LAWRENCE C.C. #01-22-051

Assigned Grievance #/Designation

RECEIVED
LAWRENCE C.C.

1st Lvl rec: JAN 0 4 2022

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: JAN 1 9 2022

GRIEVANCE OFFICE

Housing Unit.

GRIEVANCE OFFICE K-53044

| Date: 12/21/2021 | Offender (please print): Maurice S Johnson | ID #: K-53044 | Race (optional): |
|---|---|---|---|
| Present Facility: Lawrence Correctional Center | | Facility where grievance issue occurred: Lawrence Correctional Center | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): Living Condition and No Outside Recreation
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____     Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
   **Chief Administrative Officer,** only if EMERGENCY grievance
   Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On December 21, 2020, Individual in Custody, Maurice S. Johnson, IDOC No. K-53044, was transferred from Stateville to Lawrence Correctional Center. Upon requesting Protective Custody and Interview by Lt. Perfett of the Internal Affairs Department, Mr Johnson was taken to the Restricted Housing Unit do to Lawrence Correctional Center did not have a Protective custody Cell House to house him. Since Mr. Johnson has been housed

[x] Continued on reverse

**Relief Requested:**

To Receive Hot Water in Living Area and Outdoor Recreational Time.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [x] Check if this is NOT an emergency grievance.

Maurice S Johnson     K-53044     12/26/21
Offender's Signature          ID#           Date
(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)   Date Received: 1/6/22   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Per review of Section 501.310 c) Each Maximum Security facility shall maintain an area for placement of committed persons in protective custody. d) Housing accommodations and essential services shall be comparable to those provided for the general population. Per research of work order book in assigned cell of Grievant Restrictive Housing Unit B wing, lower 16, there is no work order in place stating cell had no hot water. Grievant is being offered recreation and phone privileges per verbal response from Lt. Ochs. Property privileges are compliant with all individuals assigned to current housing unit requirements.

M. Sims CII     M. Sims CII     1/6/22
Print Counselor's Name     Sign Counselor's Name     Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

RECEIVED

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Exhibit X

MAR 0 2 2022

ADMINISTRATIVE
REVIEW BOARD

_____     _____
Chief Administrative Officer's Signature          Date

Assigned Grievance #/Institution                                    Housing Unit.                 Bed #:

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec:                                                                                    2nd Lvl rec:

in Restricted Housing. B16. The water has been cold. He has been subjected to washing up, cleaning, ~~and cooking~~ cooking, Washing his clothes in cold water. Mr. Johnson states that the water is not warm enough to prepare Ramen Noodles, Refried Beans, Rice, Oatmeal, Grits, etc.. Mr. Johnson states that he have been subjected to eating uncooked noodles due to the water is not warm enough to fully cook the noodles Also, Mr. Johnson is not receiving any outside Recreational time due to the same reason the water is ice cold, Restricted Housing, Piping system is under construction. Moreover, Mr. Johnson states that no cleaning material are being ~~pro~~ given to individuals to clean their cells of wipe down phone's prior to usage in the face of ~~Corona virus~~ ~~~~ Coronavirus. Also, Mr. Johnson states that the Dayroom in which he is receiving indoor recreational time is not being cleaned. (RHB)

Distribution: Master File: Offender                          Page 2 of 2                          DOC 0046 (Rev. 01/2020)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** _Johnson_ _Maurice_ _____ _K53044_
             Last Name             First Name           MI      ID#

**Facility:** _Menard_

☒ Grievance: Facility Grievance # (if applicable) _01-22-051_ Dated: _12-26-21_ or ☐ Correspondence: Dated: _____
Received: _3/2/22_ Regarding: _Conditions of Confinement_
         Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

---

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☒ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
                                       Date

☐ No justification provided for additional consideration.

---

**Other** (specify): _____

_____

**Completed by:** RYAN A. KILDUFF                 _Ryan Kilduff_       _3/8/22_
               Print Name                       Signature        Date

Distribution:  Offender                    *Printed on Recycled Paper*           DOC 0070 (Rev. 3/2018)
           Inmate Issues

Exhibit 4

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

February 1, 2022

### CONFIDENTIAL LEGAL CORRESPONDENCE

*Via USPS Mail*
Maurice Johnson K53044
Lawrence Correctional Center
10930 Lawrence Road
Sumner. IL 62466

*Re: Your request for legal representation*

Maurice Johnson:

      This letter is to inform you that after reviewing your file, we are unfortunately unable to take your case.

      Please be advised that there are time limitations that govern the period in which a claim or lawsuit may be filed. Such time periods depend on the cause of action you may wish to pursue.  However, we encourage you to follow up with other attorneys <u>immediately</u> to ensure that all legal rights are fully explored and protected.

      We appreciate your decision to contact us, and wish you the best of luck in pursuing your claims.

Sincerely,

Loevy & Loevy

Exhibit # 2

## ILLINOIS DEPARTMENT OF CORRECTIONS
## HEARING OF ADMINISTRATIVE REVIEW BOARD
## VIDEO CONFERENCE

*DATE OF HEARING*:   March 30, 2022

*INSTITUTION:*  Menard Correctional Center

*GRIEVANT NAME*:    Maurice Johnson, Register No. K53044

*BOARD MEMBERS PRESENT*:  Travis Bayler, Administrative Review Board Chairperson, Department of Corrections.

Grievant was personally interviewed by the Administrative Review Board.  All information submitted to the Board by the Grievant, and the institution related to the issue being grieved, was reviewed. Issues warranting further action / consideration were discussed with the Menard Correctional Center administration.

Nature of Grievance: Johnson is grieving denial of Protective Custody.

Findings:  The Board notes the Grievant was admitted to IDOC on December 8, 2004 and has a release date of August 21, 2082.

Grievant has been housed at Menard Correctional Center since January 26, 2022.  An affiliation with Mafia Insane Vice Lords is noted.

The Board reviewed the Protective Custody vote sheet.  Grievant requested Protective Custody placement, stating the following (In Summary): Grievant states there is a hit on grievant by the Vice Lords due to an incident between the grievant and the STG. The no-vote rationale indicates no sufficient verifiable information to warrant placement in protective custody.  The CAO concurred on March 1, 2022.

Offender's statement to ARB: Grievant stated grievant was sent on a PC transfer from Lawrence CC.  Grievant stated there is a hit on grievant from the Vice Lords for an incident of a sexual nature at another facility.  Grievant stated grievant knows Menard has gangs and believes the word of the hit on grievant has traveled to Menard.

Recommendations:  Based on a total review of all available information, it is the opinion of the Board that the Grievant has not provided sufficient verifiable information to warrant retention in Protective Custody and therefore should be placed back into general population.

*FOR THE BOARD:* _____
　　　　　　　　　　　Travis Bayler
　　　　　　　　　　　Administrative Review Board Chairperson

*I CONCUR.* _____
　　　　　　　Rob Jeffreys
　　　　　　　Director

cc:   Warden, Menard Correctional Center
　　　Maurice Johnson, Register No. K53044

Exhibit Z 2.

**Instructions for Filing a Pro Se Civil Complaint for**
**Civil Rights Violations or Other Civil Claims Filed**
**by a Person in Custody**
**in the United States District Court**
**for the Southern District of Illinois**

1.  The attached civil complaint form may be used in a civil action (except habeas corpus actions) filed in this district by a person in custody. You may use this form even if your claims are not limited to civil rights or federal tort claims. A different form should be used in habeas corpus actions, including actions brought under 28 U.S.C. §§ 2241, 2254, or 2255 (copies are available from the clerk's office).

2.  Your complaint must be prepared and submitted as set forth in these instructions. The court may dismiss, strike, or order the return of papers that do not comply.

3.  Submit the original complaint and any supporting exhibits for filing (see paragraph 16 below). You are strongly encouraged to keep a copy of all documents you submit for filing. **Any document submitted for filing must be on 8 ½" x 11" paper.** If the judge orders service of process on one or more defendants, the clerk will make copies of your complaint for service on those individuals.

4.  Your complaint may be typed or handwritten. If handwritten, it must be readable. All questions must be answered clearly and completely. It is not necessary to have your complaint notarized, but it must include a declaration under penalty of perjury that the information you provide is true and correct. A deliberate false statement of fact may serve as the basis of summary dismissal of your case or other sanctions. **Your complaint must be signed and dated.**

5.  Confine your answers to the space provided on the <u>front</u> of the page. You may use additional pages (on 8 ½" x 11" paper) if more space is needed. State only when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law.

6.  You must pay a filing fee of $400.00 at the time you file your complaint. If you are unable to prepay the entire filing fee and service costs for your lawsuit, you may seek permission to proceed without prepaying fees or costs by filing a motion to proceed *in forma pauperis*. A form motion is available from the clerk's office. Follow the directions on that form and answer all questions clearly and concisely. You must include a statement of your assets, and you must have an authorized institutional officer complete the certification section on the last page of the form. You must also submit a certified copy of your prison or jail account statement for the last six months. If you submit an incomplete form or do not submit a statement of assets

Page 1 of 4

and a prisoner or jail account statement with your form, your request to proceed *in forma pauperis* may be denied.

7.    If your motion to proceed *in forma pauperis* is granted, the court will assess an initial partial filing fee. This initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit , whichever is greater. **These funds will be sent directly to the court from your prison trust account after the court enters its order assessing the initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1). If you are without funds <u>and</u>** have been without funds for the six months preceding the filing of your complaint, the court will not assess an initial filing fee. Instead, the court will order you to pay the filing fee in installments until the filing fee has been paid, pursuant to 28 U.S.C. § 1915(b)(4).

8.    Whether or not you pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(e)(2), **you will owe the full balance of any unpaid filing fee, even if your case is subsequently dismissed voluntarily or because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.** Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The institution that has custody of you will collect that money and send payments to the court any time the amount in your account exceeds $10.00, pursuant to 28 U.S.C. § 1915(b)(2). **You should carefully consider this information before you decide to file a civil action in federal court.**

9.    If, at any time during your current or previous imprisonment or detention, you have had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted, then, while you are a prisoner, you will be prohibited from bringing any additional claims, actions, or appeals *in forma pauperis* unless you are in <u>imminent</u> danger of serious physical injury at the time you file your claim, action, or appeal. *See* 28 U.S.C. § 1915(g).

10.    You are required to disclose any other lawsuits you filed while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law. You are required to disclose your litigation history, including "strikes," regardless of the form you use to prepare your complaint. <u>FAILURE TO DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.</u>

11.    After the complaint is filed, the original of any motion, pleading, or other paper submitted for consideration by the court should be filed with the clerk. You must

also mail a copy of that document to all other parties, or if they have counsel, to that attorney. When you file your paper with the clerk, you must include a **Certificate of Service**, using the format shown below. Any pleading or other document received by the court that fails to include a certificate of service may be disregarded. Note, however, that some prison facilities participate in an electronic filing program. **In general, you are not required to mail copies of documents to parties if your facility participates in an electronic filing program, because parties who participate in electronic filing will receive the document electronically. And, pursuant to General Order No. 2012-1, the clerk will mail a copy of electronically filed documents to any party who does not receive the document electronically. You may, however, be required to mail copies of a proposed document, such as a proposed amendment to a pleading. Additional information about electronic filing (and General Order No. 2012-1) is available through prison library staff.**

---

### CERTIFICATE OF SERVICE

I certify that a copy of this _Civil Rights Complaint_ was mailed/delivered
(Name of Document)

to _____ _N/A_ _____ on _04/20/22_ .
(Name and Address of Party/Attorney)                        (Date)


_Maurice S. Johnson_
Signature

_Maurice S. Johnson_
Printed Name

---

12.    Do not write letters to the court regarding your case. Such contact is improper. If you wish to provide information or ask the court to do something, you must file a motion with the clerk.

13.    You are responsible for learning and following the procedures that govern the court process. The district judges, magistrate judges, clerk of court, and their staff are forbidden as a matter of law from providing legal advice. Legal advice should be sought from an attorney or legal clinic.

14.    You have a continuing obligation to keep the Court and each opposing party informed of any change in your address.   The Court will not independently investigate your whereabouts.  You must notify the Court in writing of your new address within 7 days after a transfer or other change in address occurs.  Failure to do so may result in dismissal of your case.

15.    Self-representation carries certain responsibilities and risks that a *pro se* litigant should know before proceeding. The court encourages all individuals who are thinking about self-representation to carefully review the risks associated with self-representation and to be aware of the potential consequences. Rule 11 of the Federal Rules of Civil Procedure prohibits the filing of lawsuits that are clearly frivolous or filed merely to harass someone. If, after reviewing your complaint, a judge determines that you have filed a lawsuit for an improper or clearly unnecessary purpose, it may impose sanctions against you, including ordering you to pay a fine to the court or to pay the legal fees of the person or persons against whom you filed the lawsuit. The court has a form motion with which you may request appointment of counsel. If you wish to file such a motion, you may request the appropriate form from the clerk's office. Ordinarily, the court will not consider your motion until **after** you have filed your complaint and permission to proceed without prepaying fees or costs has been granted. Bear in mind that there is no right to counsel in a civil case, and motions to appoint counsel are not automatically granted.

16.    When your complaint is complete, submit it to prison library staff (if you are at an institution that participates in the electronic filing program) or mail the original and any supporting exhibits (and an extra copy if you want a file-stamped copy returned to you), along with the **$400.00** filing fee or a motion to proceed *in forma pauperis*, to either:

**Clerk of the Court**                          **Clerk of the Court**
**United States District Court**                **United States District Court**
**Southern District of Illinois**               **Southern District of Illinois**
**301 West Main Street**                        **750 Missouri Avenue**
**Benton, IL 62812**                            **East St. Louis, IL 62201**

Page 4 of  4



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

_Maurice S. Johnson_          _K-53044_
Name                          ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?          (Yes) or No

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?          Yes or (No)

    If yes, please list case number:   _____

    If yes, but you do not know the case number mark here:   _____

3.  Should this document be filed in a pending case?          Yes or No

    If yes, please list case number:   _____

    If yes, but you do not know the case number mark here:   _____

4.  Please list the total number of pages being transmitted:   ~~81~~   92

5.  If multiple documents, please identify each document and the number of pages for each document.  For example:  Motion to Proceed In Forma Pauperis, 6 pages;  Complaint, 28 pages.

    | Name of Document | Number of Pages |
    |---|---|
    | Motion for Recruitment of Counsel | 4 |
    | Motion to Proceed without Pay | 8 |
    | Civil Rights Complaint | 41 |
    | Exhibits | 34 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record.   Discovery materials sent to the Court will be returned unfiled.