IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE S. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-860-NJR |
| | ) |
| | ) |
| DEE DEE BROOKHART, JENNINGS, | ) |
| PUCKETT, OCHS, GIVINGS, TYE, | ) |
| PURDUE, SHERRY BENTON, | ) |
| ANTHONY WILLS, RYAN A. | ) |
| KILDUFF, and CHRISTINA ALLSUP, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Maurice S. Johnson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His Complaint (Doc. 1) was dismissed for violations of Federal Rule of Civil Procedure 8 (Doc. 18) because he sought to sue numerous individuals across three prisons for various constitutional violations. In his First Amended Complaint (Doc. 19), Johnson alleges individuals at Lawrence and Menard Correctional Centers violated his due process rights while housed in unapproved protective custody status.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

1

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his First Amended Complaint, Johnson makes the following allegations: While he was housed at Lawrence Correctional Center in August 2021, Lawrence was reclassified as a maximum security facility and its protective custody placement was abolished (Doc. 19, p. 9). As a result, Johnson was held in restricted housing/segregation and subjected to the use of handcuffs, waist chains, and leg irons anytime he was removed from his cell (*Id.*). He also was denied access to religious services, the law library, visitation with family, and outdoor recreation (*Id.*). Johnson describes the housing units he was held in as condemned and unsanitary, lacking both heat and hot water (*Id.*). Johnson blames Warden Brookhart, Assistant Warden Jennings, Lieutenants Givings, Tye, Puckett, and Ochs, and Sergeant Purdue for the failure to maintain a protective custody area of the prison and for subjecting him to the conditions in segregation. Johnson alleges that he had a due process right to be free from handcuffs, waist chains, and leg irons, and he was entitled to some sort of process before being subjected to the restraints (*Id.* at pp. 9-10).

In addition to his due process claims, Johnson alleges that his conditions in unapproved protective custody status amounted to cruel and unusual punishment because he was not provided with hot water, heat, outdoor time, visitation, law library

services, educational or religious services, and access to commissary (*Id*. at p. 12). Johnson further alleges that all defendants retaliated against him for filing grievances (*Id*. at p. 13).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Fourteenth Amendment due process claim against Brookhart, Jennings, Tye, Purdue, Puckett, and Ochs for failing to maintain a protective custody unit and, instead, placing Johnson in segregation.**

**Count 2:** **Fourteenth Amendment due process claim against Brookhart, Jennings, Givings, Tye, Puckett, Ochs, and Purdue for subjecting Johnson to handcuffs, waist chains, and leg irons.**

**Count 3:** **Fourteenth Amendment due process claim against Brookhart, Jennings, Givings, Tye, Puckett, Ochs, and Purdue for subjecting him to atypical and significant hardships while in unapproved protective custody status at Lawrence.**

**Count 4:** **Fourteenth Amendment equal protection claim against Brookhart, Jennings, Puckett, Ochs, and Purdue for denying Johnson access to services while in unapproved protective custody status at Lawrence.**

**Count 5:** **Eighth Amendment cruel and unusual punishment claim against Brookhart, Jennings, Givings, Tye, Puckett, Ochs, Purdue, and Anthony Wills for housing Johnson in unapproved protective custody status where he lacked hot water, heat, outdoor recreation, visitation, law library services, educational services, religious services, and commissary access.**

**Count 6:** **First Amendment claim against Brookhart, Jennings, Givings, Tye, Puckett, Ochs, Purdue, and Wills for failing to allow Johnson access to video/contact visits or religious services.**

3

> **Count 7:** First Amendment retaliation claim against Brookhart, Jennings, Givings, Puckett, Ochs, Purdue, Sherry Benton, Ryan A. Kilduff, Anthony Wills, and Christina Allsup for placing him in unapproved protective custody status without access to services, transferring him to Menard, and refusing to transfer him to a medium security prison in retaliation for filing grievances.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Due Process Claims in Counts 1, 2, and 3**

Simply put, Johnson again fails to state a due process claim. In essence, Johnson argues that his due process rights were violated while he was in unapproved protective custody status because Lawrence did not maintain a place for such individuals. As a result, Johnson alleges that he was subjected to segregation and disciplinary-like conditions with the use of handcuffs, waist chains, and leg irons, without due process. But security classifications of inmates do not entitle an inmate to due process protections. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Nor do inmates have any liberty interest in protective custody placement. *See Kellas v. Lane*, 923 F.2d 492 (7th Cir. 1990) (holding that Illinois prison regulations governing protective custody "do not create a due process

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

claim of entitlement on the inmates' behalf."). And Johnson has not alleged how long he was subjected to segregation-like conditions. *See Lekas v. Briley*, 405 F.3d 610, 613 (7th Cir. 2005) (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (only lengthy period of segregation and harsh conditions will violate due process). In fact, his attached grievance seems to suggest he was only housed in restrictive housing at Lawrence from December 12, 2021, to January 13, 2022, approximately one month (Doc. 19, p. 19). Thus, he fails to implicate a protected liberty interest.

As this is Johnson's second attempt at amending these claims and he is unable to state a due process claim, Counts 1, 2, and 3 are **DISMISSED with prejudice**.

**Count 4**

Johnson also fails to state an equal protection claim. He merely states in conclusory fashion that his placement in segregation and lack of access to amenities and programs violated his equal protection rights (Doc. 19, p. 11). To state an equal protection claim, a plaintiff must allege that he or she is a member of a protected class and that state actors treated members of the prisoner's class less favorably than people not in the class but who are similarly situated. *See Brown v. Budz,* 398 F.3d 904, 916 (7th Cir. 2005). Johnson's Amended Complaint fails to allege such a claim. Specifically, he fails to allege that he was a member of a protected class or that he was treated differently from other similarly situated inmates. Thus, Count 4 is also **DISMISSED with prejudice**.

**Count 5**

Johnson also alleges that his conditions in segregation violated his Eighth Amendment rights against cruel and unusual punishment. He alleges that while in unapproved protective custody status he lacked hot water and heat, and was limited in his recreation time, visitation, library services, and educational/religious services. But Johnson fails to allege that any of the defendants identified were aware of the conditions he faced during his confinement. He does not allege that he spoke to any of them. Instead, he only offers conclusory statements that they violated his rights. He also lists Anthony Wills as a defendant for this claim, but Wills was the warden at Menard Correctional Center at the time, and there are no allegations to suggest that he had any knowledge or control over the conditions at Lawrence Correctional Center (Doc. 19, p. 4). Thus, Count 5 is **DISMISSED without prejudice**.

**Count 6**

Similarly, Johnson's First Amendment claim also fails because Johnson only offers conclusory statements that he was denied access to religious services while in unapproved protective custody status. The Free Exercise Clause prohibits a prison from imposing a "substantial burden" on a "central religious belief or practice," unless the burden is reasonably related to a legitimate penological objective. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). But Johnson fails to allege that he faced a substantial burden because he fails to allege what, if any, religious services he requested to attend and was denied due to his status in restrictive housing. Nor does he indicate how long he was

denied access to religious services or how that denial placed a burden on his religious practice. Thus, Count 6 is **DISMISSED without prejudice**.

**Count 7**

Finally, Johnson's retaliation claim in Count 7 also fails because he offers only conclusory statements that the defendants retaliated against him for filing grievances (Doc. 19, pp. 12-13). Although he alleges that he was subjected to a number of conditions while at Lawrence and was transferred to Menard, a maximum security prison, he fails to allege that his speech was at least a motivating factor for the actions taken against him. *See Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). He only offers conclusory statements that he wrote grievances and was retaliated against by being housed in Lawrence's restrictive housing unit and later transferred to Menard. He has not alleged what personal involvement, if any, each defendant had in the decisions regarding his placement. Further, he alleges that grievance officials, including Administrative Review Board members Benton and Kilduff, as well as his counselor Allsup, retaliated against him, but mishandling or denying a grievance by those who did not participate in the underlying conduct does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). There are no allegations to suggest the grievance official's roles in the alleged retaliation. Thus, Count 7 is also **DISMISSED without prejudice**.

Accordingly, Johnson's First Amended Complaint is subject to dismissal. Again, this is Johnson's second attempt to draft a viable complaint. As mentioned above, his original Complaint was dismissed because he attempted to sue numerous individuals across three institutions for various individual actions. In this First Amended Complaint,

7

he has narrowed down the individuals and institutions, but his amended pleading contains mostly conclusory statements. The Federal Rules of Civil Procedure require "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). A complaint must also include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Twombly*, 550 U.S. at 555. Although Johnson appears to have attempted to provide simple allegations, he does not provide enough factual description to provide defendants with fair notice of the claims against them. Nevertheless, the Court finds that Johnson could possibly pursue viable claims, particularly in Counts 5, 6, and 7 regarding his conditions of confinement, inability to access religious services, and retaliation at Lawrence. Thus, the Court will allow Johnson one final attempt to submit an amended pleading which sets forth viable claims. If he chooses to do so, Johnson must comply with the instructions and deadlines set forth below.

## Disposition

For the reasons stated above, Johnson's First Amended Complaint is **DISMISSED without prejudice**. Johnson is **GRANTED** leave to file a "Second Amended Complaint" on or before **June 5, 2023**. Should Johnson fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v.*

8

*Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. §1915(e)(2). The dismissal shall count as one of Johnson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces all previous pleadings, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Johnson must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

It is strongly recommended that Johnson use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (Case No. 22-cv-860-NJR). Further, Johnson should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Johnson may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and his or her

involvement in the alleged unconstitutional conduct (for example, John Doe did X and Jane Doe did Y). No service shall be ordered on any defendant until after the Court completes its Section 1915A review of the Second Amended Complaint.

Johnson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Johnson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**To facilitate Johnson's compliance with this Order, the Clerk of Court is DIRECTED to mail Johnson a blank civil rights complaint form.**

**IT IS SO ORDERED.**

DATED: May 8, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**